## Lee *v.* Dobson, Appellant.

217    349
223    320

*Negligence—Master and servant—Dangerous machinery—Risk of employment—Contributory negligence.*

The master is not an insurer of the servant's safety. While he is required to furnish reasonably suitable and safe means with which to carry on his business, yet the servant will be deemed to have assumed all risks naturally and reasonably incident to his employment; and to have notice of all risks, which to a person of his experience and understanding are or ought to be open and obvious.

When one undertakes a perilous employment by operating a machine obviously wanting in suitable appliances for safety, knowingly and voluntarily, he cannot afterwards complain in case of injury in consequence thereof, that the machinery was of a dangerous kind, and that it was wanting in appliances reasonably necessary to render it safe.

In an action by an employee against his employer, a manufacturer, to recover damages for personal injuries sustained while readjusting a chain which had become loose, it appeared that under the rule of the establishment the chain was required to be readjusted while the machinery was in motion. It was shown that appliances were in common use in other factories which afforded safety in such readjustment, but were not in use in defendant's works. The plaintiff was thirty-five years old, had been in defendant's employment for twelve years, and worked most of the time in the room where the accident occurred, and for ten months before the accident at the machinery where he was injured. The displacement of the chain was a matter of almost daily occurrence, and plaintiff had frequently done what he was attempting at the time of the accident, and had seen others do it. It also appeared that before making the attempt, he had adjusted a string about his person, so as to confine the ends of his jacket. His precautions were, however, inadequate, as the ends of his jacket escaped, and were carried by steam or wind against the revolving shaft, and he was drawn irresistibly to his injury. *Held*, that the plaintiff not only assumed the risk of his employment, but was also guilty of contributory negligence, and that he was not entitled to recover.

Argued Jan. 24, 1907. Appeal, No. 90, Jan. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T.,

1903, No. 2,324, on verdict for plaintiff in case of Harry Lee v. James Dobson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $12,000, upon which judgment was entered for $6,000, all above that amount having been remitted.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Earle White*, of *White, White & Taulane*, for appellant.—Plaintiff assumed the risk : Thomas v. Quartermaine, L. R. 18 Q. B. Div. 685 ; Pittsburg, etc., R. R. Co. v. Sentmeyer, 92 Pa. 276 ; Boyd v. Harris, 176 Pa. 484 ; Simmons v. Southern Traction Co., 207 Pa. 589 ; Danisch v. Amer, 214 Pa. 105 ; Fick v. Jackson, 3 Pa. Superior Ct. 378 ; Brossman v. Lehigh Valley R. R. Co., 113 Pa. 490 ; Fulford v. Lehigh Valley R. R. Co., 185 Pa. 329 ; Bellows v. Penna., etc., Canal & R. R. Co., 157 Pa. 51 ; Fletcher v. Phila. Traction Co., 190 Pa. 117 ; Murch v. Thomas Wilson's Sons & Co., 168 Mass. 408 (47 N. E. Repr. 111) ; Nuss v. Rafsnyder, 178 Pa. 397 ; Rooney v. Sewall & Day Cordage Co., 161 Mass. 153 (36 N. E. Repr. 789) ; Knisley v. Pratt, 148 N. Y. 372 (42 N. E. Repr. 986).

Plaintiff was guilty of contributory negligence.

*Thomas Leaming*, with him *John R. K. Scott*, for appellee.—Whether plaintiff was guilty of contributory negligence or assumed the risk was, under all the circumstances, a question of fact for the jury—not of law for the court : Schall v. Cole, 107 Pa. 1 ; Sweigert v. Klingensmith, 210 Pa. 565 ; Bannon v. Lutz, 158 Pa. 166 ; Denning v. Midvale Steel Co., 192 Pa. 182 ; Reese v. Clark, 198 Pa. 312 ; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389.

OPINION BY MR. JUSTICE STEWART, April 1, 1907 :

The plaintiff was employed in the dye room of defendant's

carpet mill, where he was in charge of two of the seven vats there used for dyeing and scouring yarn. What was required of him was to introduce into the vats from time to time a cage or frame on which the yarn was wound, and remove the same when it had sufficiently acquired the dye. This cage or frame was moved rapidly back and forth in the vat containing material by mechanical appliance, the power being derived from a countershaft which ran the entire length of the room at an elevation of eight or nine feet. On this shaft was a sprocket wheel over which passed a circular chain, which was carried down under a similar wheel attached to the rear of the vat. The power thus derived was communicated to an eccentric, which imparted its motion to the cage in the vat. The chain which thus connected the vat with the shaft was very liable to slip from the sprocket wheel on the shaft, and when this happened the movement of the cage necessarily ceased for the time being. When it occurred, it was plaintiff's duty to climb up, by means of the wall and the pipes extending through the room, and readjust the chain upon the wheel. It was while attempting this that the accident complained of occurred; not while in the act of putting the chain upon the wheel, but while getting in position to do this after he had reached the level of the shaft. His own testimony is that occupying a stooping or crouching position close to the shaft, his jacket or blouse was torn loose from his person by a jet of escaping steam and driven toward the shaft, which caught it and drew him irresistibly to his injury. In this he was corroborated by his father, who was the only witness to the occurrence. The latter testified that he saw the jacket driven open by the steam and caught by the shaft. No different explanation of how the accident occurred was suggested; and it is accepted as correct.

The effort on part of plaintiff was to refer the accident to the negligence of the defendant in failing to provide such appliances in connection with his machinery as would enable the party whose duty it might be to adjust the chain when misplaced to throw into rest for the time being the shaft, or that particular section of it to which the sprocket wheel was attached. The fact that such appliances are in common use was abundantly established, and was not controverted. That the defendant's machinery lacked these improved appliances

was admitted. No one part of the shaft in this case could be brought to a rest, except as the whole shaft was stopped, and this could only be affected from the engine room, where plaintiff was without control. This was not permitted when nothing but replacing the chain was to be done. Other things being equal, whether ordinary care would have required the furnishing of such safety appliances, would be a matter for the jury; but this case presents features which make this inquiry unnecessary. The plaintiff was a man of about thirty-five years when this accident occurred. He had been in defendant's employment with some interruptions for twelve years, and for the greater part of this time worked in the same room in which he was last engaged. The machinery used in this room was introduced some ten years ago, and so far as appears is unchanged. For only a period of ten months, however, before the accident, had plaintiff been working at a vat in which the cage of yarn was moved about in the vat by machinery. In his earlier experience he had worked at a vat in which it was moved by hand, but it was in the same room, so that he had abundant opportunity, both by observation and experience, to acquaint himself fully with the nature and character of the work he was employed to do, and its attending risks. He had frequently done what he was attempting when his accident befell, and had seen others do it. Displacement of the chain was a matter of almost daily occurrence. There is no uncertainty in the law applicable to cases of this kind. The master is not an insurer of the servant's safety. While he is required to furnish reasonably suitable and safe means with which to carry on his business, yet the servant will be deemed to have assumed all risks naturally and reasonably incident to his employment; and to have notice of all risks which to a person of his experience and understanding are or ought to be open and obvious. When one undertakes a perilous employment by operating a machine obviously wanting in suitable appliances for safety, knowingly and voluntarily, he cannot afterwards complain in case of injury in consequence thereof that the machinery was of a dangerous kind, and that it was wanting in appliances reasonably necessary to render it safe: Rummell, Admr., v. Dilworth, 111 Pa. 343; Danisch v. Amer, 214 Pa. 105. True, the defendant says

that at the time the accident occurred he did not know that there were appliances that could be employed to throw a section of the shaft into a state of rest. He did know, however, that the movement of the shaft could be arrested from the engine room; and that his employer, notwithstanding another equally effective way of bringing the shaft to a rest was available, required that the readjustment of the chain be made without this: in other words, that he required this work to be done while the shaft was revolving. His ignorance of the improved methods for stopping the shaft or a section of it without disturbing the whole, in nowise misled him as to the risk of the employment. He was daily confronted by an obvious danger which he fully understood and appreciated, according to his own admissions. The defendant owed him no duty to acquaint him with the fact that the machinery was not so safe as that in common use for the same purposes; that in some other, or almost any other mill where like work was done, he would not be exposed to the same danger, because in these other mills when readjustment of the chain on the wheel was required, the revolution of the shaft in one way or other was stopped, while in this mill the readjustment was required to be made while it was in motion. In the light of the evidence the plaintiff's employment was a specially dangerous one, and for this the plaintiff engaged with full appreciation of the risk. Having voluntarily and knowingly assumed this risk, now that he has suffered in consequence, he can have no recourse upon his employer.

Aside from this the case presented another feature which should have prevented its submission to the jury. The plaintiff's accident must be referred to his own want of care; the evidence admits of no other conclusion. Before attempting the work of restoring the chain to the wheel, fully appreciating the danger to which he would be exposed, he prepared his dress with reference to it. He knew what the result would be if his clothing came in contact with the revolving shaft. He, therefore, thought to guard against this by tying a string about his person and thus confining the ends of his jacket. His precautions were inadequate. The ends of his jacket escaped and were carried by the steam or wind against the shaft with the very result which his preparations were expected to

avoid.   He was not lacking in appreciation of the danger, but his preparations were inadequate.   For his failure in this regard his employer was not responsible.

For the reasons stated defendant's point that under all the evidence the verdict should be for the defendant, should have been affirmed.   The refusal to so instruct is the only assignment of error, and it is sustained.

Judgment reversed and judgment is now entered for the defendant.