## Eddleman, Appellant, *v.* Pennsylvania Company.

*Negligence—Master and servant—Fellow servant.*

Where the danger in working near a steam hammer in a railroad company's shops is obvious, and is as fully understood by a workman as by his employer, the workman will be considered to have assumed the risk; and if the danger is a transitory one resulting from carelessness and in-

attention of fellow workmen, such as a hammerman or a blacksmith, the workman injured cannot recover from his employer.

Argued Nov. 2, 1908. Appeal, No. 225, Oct. T., 1908, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 849, refusing to take off nonsuit in case of S. S. Eddleman v. Pennsylvania Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The facts relating to the accident are set forth in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*John O. Petty,* for appellant.

*William S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1909:

The plaintiff was employed in the defendant's shop as a blacksmith's helper. He was injured by being struck by a tool used by a fellow workman in cutting pieces of cold iron under a steam hammer. There were three steam hammers in the shop, two of which were used for particular lines of work and the third by blacksmiths for various purposes as they desired. In cutting cold iron with the steam hammer a square block of steel was placed on the anvil under the iron to be cut. On top of the iron a cutting bar two feet long and an inch thick, one end of which was shaped into a handle, was held in such a position that, when forced through the iron, its edge would pass close to the edge of the block below. The bar was held in place by the blacksmith and the iron to be cut was held in proper position by his helper. There were shears in the shop for cutting cold iron, but it was the custom of the blacksmiths to use the hammer, when more convenient to do so. The plaintiff had worked in

the shop five years at a forge within twelve or fourteen feet of the hammer. He had frequently used the hammer and had seen others use it almost daily during the whole of that time.

The negligence alleged was in permitting the hammer to be used for an improper purpose, and it was averred that its use was made more dangerous by reason of the failure to keep it in good repair. It appeared from the plaintiff's testimony that the only danger to be apprehended by those working in the vicinity of the steam hammer arose from its careless or unskillful use. If the cutting bar was not held flat on the surface of the iron and with its edge in alignment with the edge of the steel plate below, or not firmly held, it might be thrown from under the hammer. The danger would be increased if the face of the hammer or the surface of the bar became wet and slippery, lessening the friction which was an aid in keeping the latter in place. There was danger of the same kind, but less in degree, in the use of shearing and shaping tools on hot iron, a work in which a steam hammer was always employed. The evidence as to want of repair was that a cup by which oil was supplied to the cylinder head was imperfect, by reason of which the packing, not being oiled, would wear out faster and would require renewal more frequently than if oiled. If it was not renewed, steam would escape and cause a dripping of water down the piston rod to the hammer. The hammer was in charge of a hammerman whose duty it was to attend to the packing and to renew it whenever it became necessary.

Whatever danger there was in working near the steam hammer was obvious and must have been as fully understood by the plaintiff as by his employer, and the risk must be considered as assumed by him. It was a transitory danger resulting from carelessness and inattention on the part of the hammerman or the blacksmith, who were fellow workmen, for whose negligence the defendant was not responsible: Miller v. American Bridge Co., 216 Pa. 559; Lee v. Dobson, 217 Pa. 349. The nonsuit was properly entered.

The judgment is affirmed.