# Herron, Appellant, *v.* American Steel & Wire Company.

*Negligence—Master and servant—Assistance in performing work—Safe place to work—Assurance of employer.*

1. Where an employee asks his employer for three assistants to aid him in doing a particular work, and such assistants are provided for the first day, but on the second day one of the assistants fails to report, and another man not being procurable in his place, the employee then adopts a suggestion of doing the work by mechanical device without a third assistant, and does so with full knowledge of the dangers and risks of the method adopted, he cannot complain that his employer was negligent in not providing him a third man.

2. Where an employee of mature years and experience is instructed to look up some wire for a purpose intended, but no instructions are given him as to the kind of wire to be selected, nor as to the place where such wire might be found, and he selects certain wire and asks the opinion of his superintendent as to its strength for the use intended but also tests the wire himself and exercises his own judgment, and subsequently the employee is injured in using the wire, and it is not certain whether the wire broke, or pulled loose from defective splicing, the employee cannot recover from his employer for the injuries sustained.

3. An assurance given by an employer or his representative to an employee of the good condition of an appliance will not be a bar to a defense upon the ground of the assumption of risk when it is shown that the risk was known and comprehended by the employee, who was a mature man experienced in the kind of work he was doing.

*Practice, C. P.—Motion for nonsuit—Evidence.*

4. Where a motion for a nonsuit is made after the plaintiff rests, and before the motion is disposed of the defendant announces that he will offer no evidence, and the plaintiff then, with the permission of the court, offers the testimony of another witness as in chief, and the court then rules on the motion and grants a nonsuit, the plaintiff has no reason to complain on the ground of abuse of discretion.

Argued Oct. 24, 1910.  Appeal, No. 96, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 45, refusing to take off nonsuit in case of Matthew Herron v. American Steel & Wire Co.

Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before Cohen, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*F. C. McGirr*, with him *John Marron*, for appellant.— The case was for the jury: Knight v. Overman Wheel Co., 174 Mass. 455; Patterson v. R. R. Co., 76 Pa. 389; Wagner v. Jayne Chemical Co., 147 Pa. 475; Reese v. Clark, 198 Pa. 312.

*David A. Reed*, of *Reed, Smith, Shaw & Beal*, with him *John G. Frazer*, for appellee.—There was no negligence: Lowcock v. Paper Co., 169 Mass. 313; Jenney Electric Light & Power Co. v. Murphy, 115 Ind. 566 (18 N. E. Repr. 30); King v. McClure Co., 222 Pa. 625.

Plaintiff assumed the risk: Howery v. Ry. Co., 34 N. Y. Supp. 1089; Haas v. Balch, 56 Fed. Repr. 984; Cisney v. Sewer Pipe Co., 199 Pa. 519; Perschke v. Hencken, 44 N. Y. Supp. 265; Toomey v. Eureka Iron & Steel Works, 89 Mich. 249; Anderson v. Lumber Co., 47 Minn. 128 (49 N. W. Repr. 664); Hencke v. Ellis, 110 Wis. 532 (86 N. W. Repr. 171); Graham v. Coal & Coke Co., 38 W. Va. 273 (18 S. E. Repr. 584); Webster Mfg. Co. v. Nisbett, 205 Ill. 273 (68 N. E. Repr. 936); Marsh v. Chickering, 101 N. Y. 396 (5 N. E. Repr. 56); Meador v. L. S. & M. S. Ry. Co., 138 Ind. 290 (37 N. E. Repr. 721).

Opinion by Mr. Justice Elkin, January 3, 1911:

After a careful consideration of every question raised by this appeal we have concluded that the judgment of nonsuit entered by the learned court below must be affirmed. In reaching this conclusion we have found it necessary to read every word of testimony produced at

the trial and set out in the printed record. The case has been exceptionally well argued on both sides and nothing has been left unsaid which could be said to advantage in support of the respective contentions of the learned counsel representing the parties to the controversy. After reciting the facts and circumstances connected with the particular work in which appellant was engaged at the time of the accident, the statement of claim charges: "Plaintiff says that his injuries were caused by the carelessness and negligence of the defendant company in not providing a sufficient number of men to assist him in doing said work, and particularly supplying him with said scrap wire which was rusty and defective and not strong enough for the purpose for which it was intended and which defendant well knew but which plaintiff did not know, but relied upon the statement of his superior that the wire was strong enough and sufficient for the purpose." The charge of failure to provide a sufficient number of men cannot be sustained under the circumstances of the case. Appellant asked for three assistants to aid him in doing the work, two for the inside and one for the outside, and these assistants were so provided the first day. On the second day the outside assistant failed to report for work and this fact was called to the attention of Moran, a foreman or superintendent, in charge of the department in which appellant was working. An effort was made to secure a man to take his place but this could not be done because a number of men had not reported for work that morning and as a result no one could be assigned as an assistant to appellant. At this juncture the suggestion was made that appellant secure the scaffold to the building by wire and thus avoid the necessity of having an outside assistant. This method of doing the work was finally adopted with the assent of appellant who was an experienced sheeter with full knowledge of the dangers and risks of his employment. When he chose to go ahead without the assistance of an outside man and in lieu thereof adopted the method of fastening the scaffold to the build-

ing by wire, he acquiesced in that method of doing the work and cannot be heard to complain under these circumstances because an outside man was not provided.

This brings us to the consideration of the real point in the case. Is the defendant company guilty of negligence because its foreman or superintendent said to appellant that the wire selected by him to tie the scaffold to the building was sufficiently strong for the purpose intended? In this connection it should be observed that appellant at the time of the accident was a man of mature years and experienced in the kind of work he was doing. He was instructed to look up some wire for the purpose intended but no instructions were given him as to the kind of wire to be selected nor as to the place where such wire might be found. These details were left to his own judgment and since his own safety was involved it is but reasonable to assume that he acted with an intelligence resulting from experience. It is true he says he did not rely on his own judgment but took the wire to the superintendent who said it was strong enough for the use intended and that he relied on what the superintendent said to him. If the machinery, or tool, or appliance, was of a complicated nature and dangerous because of such complication, an employee without experience or knowledge would certainly have the right to rely upon the judgment and experience of the superior in charge of the work. But such are not the facts in the case at bar. Appellant had both knowledge and experience and the appliance if such it may be called was neither complicated nor difficult to understand. He selected the wire himself and knew the use for which it was intended. While he may have relied to some extent on the assurance given him by the superintendent he admits that he tested the wire twice while putting on the lower sheets and before the accident, and after such tests he decided it was "strong enough." Again, there is no positive evidence that the wire broke. The plaintiff testified, "I can't say whether it broke or pulled loose," and the witness, Geisler, said,

"the wire parted on the outside." All this may be true and yet the wire may have been sufficiently strong for the purpose intended. Pulling loose or parting does not indicate defective condition. This would result from failure to properly splice the wire or to bind the pieces together, and if so, such negligence would clearly be that of appellant who had charge of the work.

Again, it is an established rule that an assurance given of the good condition of an appliance will not be a bar to a defense upon the ground of the assumption of risk, when it is shown that the risk was known and comprehended by the servant. In the present case the testimony shows that appellant knew the risk and comprehended the danger. There can be no doubt about this. We think he must be held to have assumed the risk. As to the condition of the wire, appellant had equal means of knowledge with the superior who gave the assurance said to be relied on, and that condition was as apparent to one as to the other. Under such circumstances there can be no recovery.

It is contended for appellant that the court below erred in entering judgment of nonsuit after defendant had rested without offering any evidence. The motion for nonsuit was properly made after plaintiff rested. Then there was a recess. After recess defendant announced that no evidence would be offered. Plaintiff then asked leave to offer more testimony which the court granted as in chief because the motion for nonsuit had not been disposed of. The witness was then produced and his testimony taken. The court treated this as the end of the plaintiff's case in chief and ruled on the motion for a nonsuit. Certainly this was within the reasonable discretion of the court.

Judgment affirmed.