## Bollinger *v.* Crystal Sand Company, Appellant.

*Negligence—Master and servant—Contributory negligence—Burden of proof—Death—Statutory duty.*

1. Plaintiff in a negligence suit cannot make out a case by proof that an injury was caused by one or more of a number of equally probable causes, some of which show negligence on the part of the defendant, and others do not. He is required to prove that the defendant was negligent, and that his negligence caused the injury. He is not required, however, to disprove contributory negligence, but only to make out a case clear of it.

2. In an action against an employer to recover damages for death of an employee, the case is for the jury where the plaintiff produces proof that the defendant had failed properly to guard a shaft, and that the deceased was killed by coming into contact with the shaft while engaged in his usual work. In such a case the failure to guard the shaft was the neglect of statutory duty against the consequence of which nothing but the contributory negligence of the employee would relieve the defendant.

Argued May 9, 1911. Appeal, No. 21, Jan. T., 1911, by defendant, from judgment of C. P. Mifflin Co., Aug.

Term, 1909, No. 80, on verdict for plaintiff in case of Elizabeth V. Bollinger v. Crystal Sand Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before SHULL, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was in overruling motion of defendant for judgment non obstante veredicto.

*W. W. Uttley,* of *Uttley & Son,* with him *Rufus C. Elder,* for appellant.

*J. Howard Neely,* with him *J. C. Houser,* for appellee.

PER CURIAM, July 6, 1911:

The plaintiff's husband was employed in a building in which sand rock was crushed and sand was washed and dried and prepared for shipment. His work was to oil the machinery and watch the conveyors and bins and it took him to all parts of the building. While alone in an upper room his clothing was caught on the line shaft at a point where the rough edge of a key way projected an eighth of an inch and his body was wound around the shaft and he was killed. No one witnessed the accident.

At the trial different theories were advanced as to what the deceased was doing when his clothing was caught. It is contended by the defendant that the accident must have happened in one of three ways: by the clothing of the deceased coming into contact with the shaft when he was oiling the machinery while it was in motion, in violation of his instructions; by his attempting for his own convenience to pass through a narrow space under the shaft in going from one platform to another, instead of using a

ladder furnished for the purpose, or by his falling against the shaft while walking near it on a way provided and that as the first two of these suppositions would make him chargeable with contributory negligence, the jury was permitted to select from probable causes one that would impose liability on the defendant. This argument overlooks the burden of proof. A plaintiff cannot make out a case by proof that an injury was caused by one or more of a number of equally probable causes some of which show negligence on the part of the defendant and others do not. He is required to prove that the defendant was negligent and that his negligence caused the injury, but he is not required to disprove contributory negligence, but only to make out a case clear of it. The jury in this case was not left to conjecture as to anything the plaintiff was required to prove. She established a prima facie case by proof that the defendant had failed to properly guard the shaft, and that her husband was killed by coming into contact with it while engaged at his usual work. The failure to guard the shaft was the neglect of a statutory duty against the consequence of which nothing but the contributory negligence of an employee would relieve the defendant: Jones v. American Caramel Co., 225 Pa. 644. The presumption of care was in her favor and the burden of proof of contributory negligence was on the defendant. It follows that there was no error in refusing to enter judgment non obstante veredicto.

The judgment is affirmed.