# Drake *v.* Fenton, Appellant.

*Negligence — Fireman — Elevator guards—Municipalities—Act of April 25, 1903, P. L. 304.*

A fireman who enters a building in the performance of his duty and is injured by the neglect of the occupant to comply with the provisions of the Act of April 25, 1903, P. L. 304, requiring elevator guard and enclosure gates to be kept closed at all times when not in actual use, may recover damages from such occupant, inasmuch as the act imposes a duty to provide such protection to all persons lawfully on the premises.

Argued Mar. 8, 1912. Appeal, No. 337, Jan. T., 1911, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1907, No. 1837, on verdict for plaintiff in case of Robert Drake v. J. Monroe Fenton, Trading as Fenton Storage and Delivery Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass for personal injuries. Before KINSEY, J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,750. Defendant appealed.

*Error assigned* was refusal to enter judgment in favor of defendant n. o. v. upon the whole record.

*Horace M. Schell,* with him *Frank R. Shattuck,* for appellant.—There was no liability on the part of the defendant to the plaintiff, who was upon the premises of the defendant, under a license given him by the law, in the discharge of his duty: Hamilton v. Mfg. Co., 78 Minnesota 3 (80 N. W. Repr. 693) ; Kelly v. Muhs, 71 N. J. Law 358 (59 Atl. Repr. 23) ; Beehler v. Daniels, 18 R. I. 563 (29 Atl. Repr. 6) ; Mathews v. Bensel, 51 N. J. Law 30 (16 Atl. Repr. 195) ; Beehler v. Daniels, 19 R. I. 49 (31 Atl. Repr. 582; Eckes v. Stetler, 98 N. Y. App. Div. 76 (90 N. Y. Supp. 473) ; Woodruff v. Bowen, 22 L. R. A. 198; Gibson v. Leonard, 143 Ill. 182 (32 N. E. Repr. 182).

There was no duty owing by the defendant to the plaintiff.

The Act of April 25, 1903, P. L. 304, is not applicable to a case of this character: Grant v. Slater Mill & Power Co., 14 R. I. 380.

*I. G. Gordon Forster,* with him *Rowland C. Evans,* for appellee.—Since the plaintiff, a city fireman, came onto the defendant's premises for the purpose of saving the defendant's property, he came there under an implied invitation from the defendant, it was the defendant's duty to see that the premises were in a reasonably safe condition for the plaintiff's purpose, and whether, under all the circumstances, the premises were in such a reasonably safe condition was a question for the jury.

Even regarding the plaintiff as a bare licensee, since the defendant's failure to comply with the mandate of

Section 4 of the Act of April 25, 1903, resulted in injury to the plaintiff, the defendant's failure to comply with the requirements of this act was such evidence of negligence as justified the jury in rendering a verdict for the plaintiff: Valjago v. Steel Co., 226 Pa. 514; Jones v. Caramel Co., 225 Pa. 644; Riley v. Coal Mining Co., 224 Pa. 633; Lenahan v. Coal Min. Co., 225 Pa 218; Union Pac. Ry. Co. v. McDonald, 152 U. S. 262 (14 Sup. Ct. Repr. 619); Hayes v. R. R. Co., 111 U. S. 228 (4 Sup. Ct. Repr. 369); Parker v. Barnard, 135 Mass. 116.

OPINION BY MR. CHIEF JUSTICE FELL, July 2, 1912:

The plaintiff was a fireman in the service of the City of Philadelphia, and in the performance of his duty, he entered at night a storage warehouse, owned and occupied by the defendant, for the purpose of extinguishing a fire. While on the third floor he fell through an elevator shaft and was injured. The defendant testified that at the close of business, on the day of the fire, a platform elevator loaded with furniture was left at the third floor in such a position that it closed the shaft and that it fell after the fire started because of the burning of a rope that kept it in place. This testimony was uncontradicted and its correctness was assumed by the court in submitting the case. The verdict rests on the finding by the jury that there was no guard or gate at the elevator shaft. The single assignment of error is to the refusal of the court to direct a verdict for the defendant.

In considering the case on the ground on which it was submitted, it must be assumed that the premises were safe at the close of the business day and that they afterwards became unsafe because of an unforseen occurrence, and since at common law, the occupier of premises is not under a duty of active diligence to protect from harm a person who enters on the premises under a license from him or under one given by the law,

it follows that if there was any liability on the part of the defendant, it was because of his failure to comply with the Act of April 25, 1903, P. L. 304.

The act is entitled "An act to further regulate the construction, maintenance and inspection of buildings and party walls in cities of the first class." Section 4 provides that, "In any building now existing, in which there is an elevator, dumb-waiter, interior light or vent shaft, hoistway, hatchway, chute, well-hole, or shaft of any description, not enclosed in walls constructed and arranged as required in this act, the openings thereof, through and upon each floor of said building, shall be provided with and protected by a substantial guard or vertical enclosure, and gate or gates, or with such good and sufficient trap doors, or both, as may be directed and approved by the Bureau of Building Inspection. Such guards or enclosure gates shall be kept closed at all times when not in actual use, and trap doors shall be closed at the close of the business each day, by the occupant or occupants of the building having the use or control of the same."

The effect to be given to acts of assembly, of a like character requiring the guarding of machinery for the protection of employees has been considered in the recent cases of Jones v. Caramel Co., 225 Pa. 644; Valjago v. Steel Co., 226 Pa. 514, and Bollinger v. Sand Co., 232 Pa. 636, and it has been held that the violation of the statute is at least evidence of negligence, and where its violation is the proximate cause of the injury, nothing but the contributory negligence of the employee will relieve the employer from liability. The Supreme Court of Massachusetts in Parker v. Barnard, 135 Mass. 116, held that under an act strikingly similar to our Act of 1903, regulating the construction of buildings, a policeman who entered a building at night and was injured by falling into an unguarded elevator shaft could recover. In the opinion of the court it was said, "Where, therefore, in the construction or management of the

building, the legislature sees fit to direct by statute that certain precautions shall be taken or certain guards against danger provided, his unrestricted use of his property is rightfully controlled, and those who enter in the performance of a lawful duty, and are injured by the neglect of the party responsible, have just grounds of action against him. Were the case at bar that of a fireman who, for the purpose of saving property in the store or for the preventing of fire to other buildings, lawfully entered, in the performance of his duty, and who was injured because there was no railing and trapdoors guarding the elevator, he would have just grounds for complaint that the protection which the statute had made it the duty of the owner or occupant to provide had not been afforded him."

The Act of 1903 was passed under the police power of the State. It is not restricted to a specific class but is general in its terms and it is a reasonable construction to hold that it was passed for the benefit of all persons lawfully on the premises, and that as to them it creates a duty, the breach of which may be actionable negligence. The provision that guards and enclosure gates shall be kept closed at all times when not in actual use and that trap doors shall be closed at the close of each business day, indicates a purpose to afford protection to city officers such as firemen and policemen, who at any time may be required to come on the premises.

The judgment is affirmed.