# Beach *v.* Hyman, Appellant.

*Negligence—Master and servant—Elevators—Guarding shafts— Act of April 25, 1903, P. L. 304—Temporary opening—Fellow servant rule—Judgment for defendant n. o. v.*

1. It is not required of an employer that in order to avoid liability for accidents occurring to his workmen through the negligence of a fellow workman, he must follow and observe the details of each man's work. The law does not impose liability on an employer for consequences of a place of work made dangerous only by the carelessness or neglect of fellow servants, or for the negligent manner in which they use the materials and conveniences furnished them for the work; nor does it impose liability where the danger is merely transitory.

2. Under the Act of April 25, 1903, P. L. 304, requiring that elevator gates be closed at all times when not in use, a fall through a temporary opening in an elevator shaft caused by the displacement of a guard, cannot give rise to a recovery for damages, unless negligence on the part of the defendant be shown and that such negligence was the proximate cause of the accident.

3. In an action by a night watchman against his employer to recover damages for injuries sustained in consequence of falling into an elevator shaft through an open door, where it appeared that the opening had been equipped with proper doors, which at the time of the accident had been negligently left open; there being no evidence as to whose negligence was responsible for the condition, the case called for binding instructions for the defendant.

Argued Jan. 10, 1916. Appeal, No. 384, Jan. T., 1915, by defendants, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1911, No. 840, on verdict for plaintiff, in case of Willis H. Beach v. Isadore Hyman, Herman Hyman, Benjamin Beecher, Eli Hageman, trading as

Assignment of Errors—Opinion of the Court.   [254 Pa.

Hyman Brothers & Company.  Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before Shoemaker, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000.00 and judgment thereon.  Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Edward M. Biddle,* with him *Robert T. McCracken,* for appellants.—The defendant was not negligent.

The Act of April 25, 1903, P. L. 304, regulating the construction, maintenance and inspection of buildings and party walls in cities of the first class has no bearing on this case.

*F. Carroll Fow,* for appellee.—Plaintiff exercised ordinary care under the circumstances and the Act of April 25, 1903, P. L. 304, applies: Jones v. American Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514; Bollinger v. Crystal Sand Co., 232 Pa. 636; Irvin v. Leuten Brick Co., 59 Pa. Superior Ct. 150.

Opinion by Mr. Justice Stewart, May 23, 1916:

At the time the plaintiff received his injury he was in the employ of the defendants' firm as night watchman, and had been so employed for six or seven months before the accident occurred.  The firm was engaged in the furniture upholstering business in the City of Philadelphia and occupied a building of several stories in which was installed an elevator.  Between two and three o'clock on Monday, 20th February 1911, the plaintiff while making his rounds through the building with the

aid of a lantern, the premises being otherwise unlighted, and while in close proximity to the elevator shaft on the second floor of the building, encountered with his left foot a spiral wire spring, such as is used in furniture cushions, and becoming entangled therewith he stumbled in consequence and fell forward into the open shaft and was precipitated to the bottom of the elevator which was at rest on the lower floor. The negligence charged was "in permitting said elevator or hoisting apparatus, and said shaftway, hoistway or well, to be left unguarded and unprotected and without enclosure or guard." The accident occurred, not because of any defect in either shaft or elevator, but in consequence of the gate with which the elevator was furnished having been left unclosed. Both elevator and shaft so far as appears were in good condition, properly supplied with the usual and ordinary means of protection against danger in their use, including gates and doors. An inevitable conclusion from the evidence would seem to be that the accident occurred through the negligence of some one while operating the elevator in failing to close down the gate when about to descend from the second to the first floor. No other explanation can have any support, and none is suggested. That the gate was not in place on the morning of the accident admits of no question; that it was closed on the morning of the previous day, Sunday, the plaintiff himself testified, and it does not appear that it had ever before been left unclosed. Under such conditions, can it be said that the shaft being open and unguarded on this particular occasion was due to the defendants' negligence? What duty did the defendants owe to the plaintiff which was left unperformed? They had supplied him a reasonably safe place in which to work and had provided a shaft and elevator free from defect and entirely adequate in all respects. What more was required? Certainly the duty would have rested on the defendants to see that the elevator gate was not suffered to remain open had the knowledge or notice of such condition been

brought home to them, but it is not claimed that they had either knowledge or notice that such condition existed.

As we view the case the open gate was but a transitory danger, and the accident can only be referred to the negligence of some fellow employee in leaving the gate open. It is not required of an employer that in order to avoid liability for accidents occurring to his workmen through the negligence of a fellow workman, he must follow and observe the details of each man's work. The law does not impose liability on an employer for consequences of a place of work made dangerous only by the carelessness or neglect of fellow servants, or for the negligent manner in which they use the materials and conveniences furnished them for the work; nor does it impose liability where the danger is merely transitory: Miller v. American Bridge Co., 216 Pa. 559; Eddleman v. Penna. Co., 223 Pa. 318. The case discloses no liability at common law. What is relied upon as showing liability is the Act of April 25, 1903, P. L. 304, entitled "An Act to further regulate the construction, maintenance and inspection of buildings and party walls in cities of the first class." The fourth section of this act provides that "In every building now existing, in which is an elevator, dumb waiter, interior light or vent shaft, hoistway, hatchway, chute, well hole or shaft of any description, not enclosed in walls constructed and arranged as required by this act, the openings thereof, through and upon each floor of said building, shall be provided with and protected by a substantial guard or vertical enclosure and gate or gates or with such good and sufficient trap doors, or both, as may be directed and approved by the Bureau of Building Inspection. Such guards or enclosure gates shall be kept closed at all times when not in actual use, and trap doors shall be closed at the close of the business each day, by the occupant or occupants of the building having the use or control of the same." The effect to be given this act was fully considered and determined by this court in Drake v. Fenton, 237 Pa. 8.

There the action was brought by a fireman who, having entered the building at night time to assist in extinguishing a fire, met with just such an accident as here befell the plaintiff. The negligence charged was the same as here, the open gate in the elevator in violation of the statute. Recovery was resisted on the ground that plaintiff was in the premises under a license given him by law and that therefore there was no duty owing by the defendant. In the opinion delivered by FELL, C. J., it was held following the cases of Jones v. American Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514; Bollinger v. Crystal Sand Co., 232 Pa. 636, that the open gate was in itself evidence of negligence, and that where the violation of the statute is the proximate cause of the injury, nothing but the contributory negligence of the employee will relieve the employer of liability. It was there further held that the act passed under the police power of the State is not restricted to a specific class but is general in its terms, and that it is a reasonable construction to hold that it was passed for the benefit of all persons lawfully on the premises, and that as to them it creates a duty. The binding authority of this case is not to be questioned, but it is not to be overlooked that it is conditioned not only on the negligence of the occupant of the building but on negligence which was the proximate cause of the accident. In the very case cited by the Chief Justice in his opinion in Drake v. Fenton, supra, and on which he largely relied, Parker v. Barnard, et al., 135 Mass. 116, 119, this condition is very clearly expressed as appears from the following extract, "Where, therefore, in the construction or management of the building, the legislature sees fit to direct by statute that certain precautions shall be taken or certain guards against danger provided, his (the occupant's) unrestricted use of his property is rightfully controlled, and those who enter in the performance of a lawful duty, and are injured by the neglect of the party responsible, have just grounds of action against him." The negligence

must not only be that of the party responsible, but it must be the proximate cause of the accident. The case of Drake v. Fenton rules no more than this. Any other construction would make the occupant of the building an insurer. Our Act of April 25, 1903, is in the exact language of the New York statute upon the same subject. In Mallory v. New York Real Estate Association, 156 N. Y. 205, it was held that the insufficiency of a railing to comply with the statute at an elevator shaft will not render the owner liable to a person who falls into the shaft, not because the railing is insufficient, but because it has been left out of place and the shaft left unguarded by the negligence of a third person using the elevator. Chief Justice PARKER in concluding his opinion there says, "If either (of two systems of guards) be sufficient to accomplish that purpose if left in proper position, it would seem to follow that it is not the act of the owner in providing the one rather than the other which is the proximate cause of the accident, but rather the act of him who puts away the guard and refuses to permit it to perform the office of protecting the well hole during the absence of the elevator. For the act of the person who deliberately moved the elevator, leaving the well hole unguarded, this defendant is neither morally nor legally responsible, and should not be visited with the consequences."

Even under the Act of April 25, 1903, it is essential to a recovery that plaintiff's case should show negligence on part of the defendant, and that such negligence was the proximate cause of the accident. In this case it fell short in both particulars. Drake v. Fenton, supra, is authority for inferring negligence from the fact that the gate was open at the time the elevator was not being used; but whose? In that case there was abundant evidence apart from the open gate to support the inference that the negligence was that of the defendant himself. Here there was absolutely nothing to connect the defendants or any of them with the fact that the gate was

unclosed, and therefore the motion for judgment non obstante should have prevailed.

The judgment is reversed and judgment is now entered for defendant.