# Gross *v.* Westinghouse Airbrake Company, Appellant.

*Negligence—Master and servant—Unsuitable material.*

Where an employee in obedience to the requirement of his employer incurs the risk of machinery which though dangerous is not so much so as to threaten immediate injury, or where it is reasonably probable it may be safely used by caution or skill, the latter is liable for resulting accident.

In an action by a woman against her employer to recover damages for personal injuries, the case is for the jury, where the evidence shows that the plaintiff while working at a machine for the manufacture of armature coils was furnished with tape which was thinner than that which was ordinarily supplied; that she called the attention of the foreman to the quality of the material, but was told that it was all right, and that she should use it; that she continued her work, with the result that the tape broke, permitting a part of the winding machine to rebound and strike her; and that plaintiff had known of two or three instances of broken tape, but that the occurrences were not common, nor was the danger so apparent as to subject the operative to the risk.

260, (1918).] Statement of Facts—Opinion of the Court.

Submitted April 22, 1918.   Appeal, No. 5, April T., 1918, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 41, on verdict for plaintiff in case of Stella E. Gross v. Westinghouse Airbrake Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-HART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The circumstances of the accident are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200.   Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*Wm. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.

No printed brief for appellee.

OPINION BY HENDERSON, J., July 10, 1918:

The appellant assigns as error the refusal of the court to give binding instructions.   The cause of action was an injury received by the plaintiff through the alleged negligence of the defendant in supplying her with unsuitable material to be used in the machine at which she was employed.   The material was tape used in the manufacture of armature coils.   The particular piece in use by the plaintiff was thinner than was ordinarily supplied and, while she was engaged in the operation of winding, it broke, permitting a part of the winding machine to re-bound and strike her on the breast, as a result of which the injury was produced.   She had called the attention of the foreman to the quality of the material but was told that it was all right and that she should use it in the machine.   The principal defense was that the employee

was familiar with the work, that she knew the tape was liable to break and that she assumed the risk of her employment. The case was carefully tried and the charge of the court was full and clear. The law applicable to the case was correctly stated and from an examination of the evidence we are of the opinion that the facts presented a case for the jury. The rule is well established that where an employee in obedience to the requirement of his employer incurs the risk of machinery which though dangerous is not so much so as to threaten immediate injury or where it is reasonably probable it may be safely used by caution or skill the latter is liable for resulting accident: Shearman & Redfield on Negligence (5th ed.) sec. 186. An employee is not required to set up his own judgment against that of his superiors. He may rely on their advice and still more on their orders although he may have hesitancy himself in the use of the appliance. His dependent and inferior position is to be taken into consideration and if the employer give him positive orders to go on with the work the servant may recover if the work was not inevitably or imminently dangerous: Caldwell v. Brown, 53 Pa. 453; Patterson v. Pittsburgh & Connellsville R. R. Co., 76 Pa. 389; Reese v. Clark, 198 Pa. 312. The cases on which the appellant relies are not contradictory to the principle stated. They hold, however, that the servant will be deemed to have assumed all risks naturally and reasonably incident to his employment and to have notice of all risks which to a person of his experience and understanding are, and ought to be, open and obvious. It is undoubtedly true that one who knowingly undertakes a dangerous employment will not be permitted afterward to complain in case of injury incident to such employment. The cases cited, Lee v. Dobson, 217 Pa. 349; Herron v. Amer. S. & W. Co., 230 Pa. 90; and Flaherty v. McClintic-Marshall Construction Co., 243 Pa. 580, were decided on facts showing that the employment in two of the cases was imminently and obviously dangerous and in the

other that the instrumentality used and which was said to have been the cause of the accident was selected by the employee himself, a man of experience and judgment. The employer exercised no control over him in that respect. They are not authorities applicable to the plaintiff's case. The danger was not imminent and obvious. There had been two or three instances of broken tape within the knowledge of the plaintiff but the occurrences were not common nor was the danger so apparent as to subject the operative to the risk. She was acting under the immediate direction of a superior and was assured that the material was all right and was directed to use it. On such a state of facts the learned judge was not in error in submitting the case to the jury.

The assignments are overruled and the judgment affirmed.