## Fry *v.* Brubaker, Appellant.

*Tenement houses—Cities of the second class—Inspectors—Injuries—Liability of owner—Act of March 25, 1903, P. L. 54.*

The owner of a tenement house in a city of the second class in accordance with provisions of the Act of March 25, 1903, P. L. 54, must keep it in the condition required by the statute.

The owner of a Pittsburgh tenement house, who allows a stairway therein to become so rotten, that the municipal inspector, using it in the performance of his duties, fell and received injuries, is liable to the inspector for damages, in an action of trespass.

The statutory duty was imposed, in the exercise of the police power, upon the tenement house owner and the nonperformance of that duty and the resulting injury created a liability on the part of the defendant.

Argued April 25, 1921.    Appeal, No. 4, April T., 1921, by South Side Trust Company of Pittsburgh, Committee of the person and estate of Amy E. Brubaker, from judgment of C. P. Allegheny County, July T., 1918, No. 835, in the case of William A. Fry v. Amy E. Brubaker.    Be-

438, (1921).] Statement of Facts—Opinion of the Court.

fore ORLADY, P. J., PORTER, HENDERSON, HEAD, TREX-LER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $500 and judgment thereon. Appeal by committee of the defendant.

*Errors assigned* were refusal of binding instructions and refusal of defendant's motion for judgment non obstante veredicto.

*J. M. Shields,* and with him *Reed, Smith, Shaw & Beal,* for appellant.—The inspector was a mere licensee on the premises and the owner owed him no duty except that of refraining from wilful or affirmative acts of injury: Schiffer v. Sauer Co. et al., 238 Pa. 550; Woods v. Lloyd, 16 Atl. 43.

*Joseph R. Conrad,* for appellee.

OPINION BY LINN, J., October 17, 1921:

Appellant presents two assignments: the first to the refusal of binding instructions; the second to the refusal of judgment n. o. v. The questions of negligence and contributory negligence arising on the evidence were submitted to the jury in a charge of which no complaint is made. The verdict determines that plaintiff's injury was caused by defendant's breach of duty, and as there is evidence to support the verdict, we may not interfere. Our question is whether the law permits recovery.

Defendant's premises in Pittsburgh were used as a tenement house within the provisions of the Act of March 25, 1903, P. L. 54. Section 1 defines a tenement house as "any house or building or portion thereof, which is: (a) intended or designated to be occupied, or (b)

leased for occupation, or (c) actually occupied, as a home or residence for three or more families, living in separate apartments, and doing their cooking upon the premises." Section 9 provides: "Every tenement house, and every part thereof, shall be kept in good repair, and shall be clean and free from any accumulations of dirt, filth or garbage, or other matter, in or on the same, or in the yards, courts, passages, areas or alleys connected with or belonging to the same." Section 13 provides: "The Bureau of Health of such cities shall employ one or more special tenement-house inspectors, whose duty it shall be to regularly inspect the tenement houses within the purview of this act, and to see that the requirements therefor are enforced." Plaintiff was such inspector. Complaint was made to the bureau that defendant's tenement house was unsanitary and plaintiff was directed to make the necessary inspection. That required him to go into the cellar. He started down by the stairway provided for the purpose, and while descending, the steps gave way and dropped him to the bottom. He sued to recover for the injury so sustained. There was abundant evidence not only to justify the jury in finding the stairway was rotten and wholly out of repair, but that defendant's committee had ample notice of it sufficiently prior to the injury to have made the necessary repairs. We therefore have a breach of duty imposed by the statute regulating the manner in which defendant might use her premises as a tenement house, with resulting injury to the inspector who was required by the law to enter the premises so used. He was among the parties for whom the statute required that the "tenement house and every part thereof shall be kept in good repair......"

Appellant says the judgment should not be sustained because "A property owner can only be liable for some act of negligence or failure to perform some duty which she would owe to the plaintiff as licensee, and......in this case she owed no duty to plaintiff......The owner

of premises can only be liable to the·licensee for active negligence, as to him mere passive negligence is not sufficient to give a cause of action, and in this case plaintiff had only the right to enter the defendant's property for the purpose of his inspection as a public officer, and the character of his entry was that of a licensee only......"

The contention is inapplicable; it disregards the positive provisions of the statute in the circumstances disclosed by this record. Nor does this record require us to consider the different and changing views reported in cases growing out of entry upon lands of another; they have recently been set forth in 69 U. P. L. R. 142, 237 and 340; see also R. C. L. sections 51 to 61. We are dealing with a statutory duty imposed in the exercise of the police power upon a tenement-house owner, with nonperformance of that duty, and with resulting injury; such breaches of duty create liability: Drake v. Fenton, 237 Pa. 8, and cases cited page 11; see also Beach v. Hyman, 254 Pa. 131, 134 to 136.

The judgment is affirmed.