## Bennett v. Kurland

Before Flannery, Lewis and Pinola, JJ.

*S. Keene Mitchell*, for plaintiff.

*James P. Harris, Jr.*, for defendants.

FLANNERY, J., November 30, 1959.—Plaintiff, a fire chief, brought this action in trespass to recover for injuries sustained in the course of his duties while he was answering a call at the home of defendants. The matter is before the court on defendants' motion for judgment on the pleadings.

The complaint, in substance, alleges that on September 21, 1956, at about 9:15 p. m., plaintiff, Fire Chief of the Edwardsville Borough Volunteer Fire Department, received a message that gas was seeping into one of the apartments in the building owned by defendants. In response to that message and acting in his official capacity as fire chief, plaintiff proceeded to defendants' building, placed a wet cloth over his face and entered

the cellar of the apartment where he found refrigerant gas escaping from an old and abandoned refrigerator. He attempted to stop the escape of gas but was unable to do so and immediately left the cellar. While so engaged, plaintiff inhaled a considerable quantity of the gas which affected his heart and lungs and caused him to become totally disabled. He seeks to recover for his personal injuries on the basis of defendants' negligence in leaving an old refrigerator in the cellar of their building when they knew or should have known that it contained a gas dangerous to plaintiff and to others. No answer to the complaint was filed. With the record so constituted, defendants now move for judgment on the pleadings.

The motion for judgment on the pleadings is in the nature of a final demurrer before trial: Lehner v. Montgomery, 180 Pa. Superior Ct. 493. Thus, for the purpose of passing upon defendant's motion, the well pleaded allegations of fact contained in the complaint are to be taken as true: Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312. However, only the pleadings and documents properly attached thereto may be considered: McCoy v. The Home Insurance Co., 170 Pa. Superior Ct. 38; Allegheny City v. McCaffrey, 131 Pa. 137.

While Pa. R. C. P. 1034 allows a motion for judgment on the pleadings before trial and gives the court the power to enter any order which is proper on the pleadings, a final judgment should not be entered unless the case is clear and free from doubt: Vrabel v. Scholler, 369 Pa. 235. Where there is a defect in the pleading which can be cured by amendment, summary judgment should not be entered without affording an opportunity to amend: Holladay v. Fiddler, 158 Pa. Superior Ct. 100. And all doubts as to technical defects in the pleadings should be resolved against the entry of judgment: Murray v. Yoe, 170 Pa. Superior Ct. 348.

Nevertheless, where the pleaded facts show as a matter of law that plaintiff is not entitled to recover and the defect is clear and not amendable, the court, in the interest of expediting justice, not only has the power but the duty to enter a summary judgment for defendant: Warner v. Employers' Liability Assurance Corporation, 390 Pa. 62; Toff v.Vlahakis, 380 Pa. 512; Wark & Company v. Twelfth & Sansom Corporation, 378 Pa. 578; Bogojavlensky v. Logan, supra.

Viewing plaintiff's complaint, the only pleading in this case, with the foregoing legal principles in mind, it is our opinion that plaintiff is barred from recovery as a matter of law.

Although it appears that plaintiff has adequately averred defendants' negligence, it also appears from the complaint that plaintiff had assumed the risk of the danger which resulted in his injuries.

In Ruhl v. Philadelphia, 346 Pa. 214, 220, the Supreme Court set down the legal principles applicable to this matter on facts comparable to those now before us. It was there stated:

". . . 'It is what a fireman is doing at the time he is hurt that matters, not the mere fact that he is a fireman. In Drake v. Fenton, 237 Pa. 8 [85 A. 14], a fireman on duty inside a burning building was allowed to recover because he fell down an elevator shaft that was unguarded, contrary to law. See also Fry v. Brubaker, 77 Pa. Superior Ct. 438 (1921), and Dillon v. Light Co., 179 Pa. 482 [36 A. 164]. It is one thing to say that a fireman who has gone into a danger zone must take what he gets, and quite another to say that a person who stops short of the danger zone cannot recover because he is a fireman.'

"4 Thompson on Negligence, sec. 4618, lays down this principle, which is abundantly sustained by the authorities: 'The servant does not accept the risk of

dangers proceeding from the special or unforeseen negligence of the master, or of those for whose conduct the master is responsible, or of the negligences of the master which are unknown to him, such dangers not being ordinarily incident to the business.' See also 39 C. J. sec. 822, p. 684. It clearly cannot be said as a matter of law that the decedent as a fire patrolman assumed the risk of being killed in a gas explosion which resulted from the fire he officially attended. Such a risk was not ordinarily incident to the discharge of his duties nor did he have any actual or constructive knowledge of it with full appreciation of the special dangers confronting him. There is no proof that Ruhl smelled gas before the second explosion or that he had any reason to apprehend a second explosion of gas. There is proof that some of his fellow patrolmen smelled no gas. . . ."

If this were a hidden danger arising from some special or unforeseen negligence of defendants and not ordinarily incident to his duties, plaintiff's position would be tenable, but the complaint here specifically sets forth that plaintiff was informed and fully aware of the fact that gas was escaping from some source in defendants' building and concedes that before entering the premises he attempted to protect himself from the known special danger confronting him by placing a wet cloth over his face. We must find then, under the authorities, that plaintiff assumed the risk of the danger.

As the Attorney General of the Commonwealth of Pennsylvania recently ruled, the law requires workmen's compensation insurance to protect volunteer firemen, such as plaintiff, in the course of their official duties. In the instant case it is his only remedy.

Wherefore, the motion is sustained, and judgment on the pleadings is directed to be entered for defendants.