## Schilling *versus* Abernethy.

1. Where one has reason to apprehend danger from the peculiar situation of his property and its openness to accident, the rule that where no duty is owed no liability arises will not prevail; but the question of liability must be submitted to the jury, to be determined upon all the facts of the case.

2. Circumstances may beget duties which under ordinary circumstances; can not be implied; and when such circumstances are shown to exist the question arising therefrom is not for the court, but for the jury.

3. Hydraulic Works Co. *v.* Orr, 2 Norris, 274, followed.

March 24th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county :* Of July Term, 1885, No. 144.

Case by William Abernethy by his father and next friend Robert Abernethy against Christiana E. Schilling, to recover damages for injuries sustained by him by the falling of a privy wall on the premises belonging to the defendant, which, he alleges, she negligently allowed to remain out of repair. Plea, not guilty.

The following are the facts as they appeared on the trial before BIDDLE, J. :

The defendant was the owner of a lot of ground situated on Emerald street, in the city of Philadelphia, containing in front, on said Emerald street, thirty-six feet, and extending in depth one hundred feet on the north line, and eighty-three feet on the south line. On the Emerald street front are erected two brick dwelling houses, in one of which the plaintiff, who is a minor, resides with his father. Between the two houses is an alley three feet wide, extending back from Emerald street about fifty-three feet to a factory erected on the rear portion of defendant's lot, said factory occupying the whole width of said lot, immediately behind the yards of the said two dwelling houses. The houses abut directly upon the alley, but from the rear wall of each house to the yard of

the factory at the back end of the alley, there is a fence along each side of said alley, shutting off the yards of the houses from it.  There is a door from each house into the alley, and also a gate immediately in the rear of each house, opening into the same.  Across the front of the alley at Emerald street is a gate, and when plaintiff's father rented the house in which he now resides there was another gate across the alley, a few feet behind the gates opening into the house yards.  Some months before the accident this inner gate had been removed by the tenant of the factory.  This alley was originally the only entrance to the factory; but before the accident another entrance had been opened from Front street, which is in the rear of the factory.  In the rear corner, next to the alley, in the yard of each house, is a brick privy.  One side of each abuts upon the alley, and the rear of each is upon the line between the yards of the houses and the yard of the factory.

On the 26th of August, 1884, the alley wall of the privy belonging to the premises on the north side of the alley (not the premises in which plaintiff resides), fell out into the alley, and injured the plaintiff, about eleven years old, who was passing at the time.  The premises on which the privy that fell stood, had been leased by the defendant to one Lavery about nine months before the accident, and were still in his possession under the lease when the wall fell.

The *narr.* alleged that the wall was out of repair before and at the time it was leased to Lavery.

There was no evidence that the defendant had ever dedicated this alley to the public as a highway, or had ever intended it to be so used; nor was there any evidence that it had ever been used by the public as a highway, or by the public at all.  It had never been used by anybody, except the employés and customers of the factory, and after the other entrance to the factory from Front street was opened, the alley was only used for taking out merchandise, and for the entrance from Emerald street of persons having business with the factory.

It was an undisputed fact in the case that when the wall fell, the plaintiff, with his brother and two other companions, was walking through the rear of the alley between the two privies for the purpose of entering the factory yard to pick up some pieces of scrap leather with which he intended to make a "slap jack."  It was also undisputed that the plaintiff did not go there to buy leather, and had no intention of paying for what he took, and that he had no business whatever with the proprietor of the factory.  The plaintiff had no connection with the factory, and did not enter the yard by

[Schilling v. Abernethy.]

the invitation or permission of the proprietor or of the defendant.

The defendant presented, *inter alia*, the following points :

1. Under all the evidence in this case the verdict must be for the defendant. Refused. (First assignment of error.)

9. If the jury find from the evidence that the portion of the alley where the accident occurred was exclusively for the use of the factory in the rear thereof, and for the accommodation only of persons lawfully resorting to said factory, and the jury further find from the evidence that at the time of the accident the plaintiff was passing through that portion of the alley for the purpose of entering the yard of said factory, without the permission or invitation of the tenant, to take a piece of leather for his own use, without paying or intending to pay therefor, then the defendant owed no duty to the plaintiff, and he cannot recover in this case. Refused. (Second assignment of error.)

The court charged the jury as follows :

Plaintiff claims damages for the negligence of the defendant. Defendant owns the whole property, alley way included. The alley originally was the only way out of and to the factory. If defendant owned a property adjoining a street, and the wall would fall upon you, she would be the person responsible, unless there is something to take the case out of the general rule. The defence divides itself into three parts. The first point of the defendant is that the defendant is not responsible because she was not living in the house at the time of the accident. The law is that if this privy was out of condition when she rented the premises to the Laverys, the defendant would be responsible, but not if the privy was then in perfectly good condition. [The second point is that this child was a trespasser. In that point I do not agree. I think the boys were no more trespassers where they were than any other person who was lawfully there, and therefore on this point the plaintiff would be entitled to recover.] (Third assignment of error.) The third point is that the plaintiff had been guilty of contributory negligence. It is well settled that if both parties have contributed to the injury there is no redress. It has been decided in reference to sidewalks out of repair that if a man passes, knowing that it is dangerous, and could go around some other way, he cannot recover. But it has been decided that a man passing over a bridge, although knowing it to be dangerous, is not guilty of contributory negligence, on account of its being a public highway, and because the commissioners had not fenced the bridge off. This is the law as to adults. The law as to

children is somewhat different; the degree of their responsibility depends upon their age and intelligence.

Verdict for the plaintiff in the sum of $275, and thereupon judgment; whereupon the defendant took this writ, assigning for error the answer of the court to her points and that portion of the general charge included within brackets.

. *William B. Lane* (*E. W. Kuhlemeier* with him), for plaintiff in error.—The alley not being a highway, it is clear that the plaintiff had no legal right to be where he was when the accident occurred. He was there either as a trespasser, or by the mere passive acquiescence of the occupant of the factory, that is to say, by a bare license. In either case he has no right of action: Roberts *v.* Karr, 1 Campbell, 262; Cox *v.* Farmers Market Co., 9 Am. L. Reg., 103; Gillespie *v.* Mc-Gowan, 4 Out., 144; Knight *v.* Abert, 6 Barr, 472; Gillis *v.* Pennsylvania R. R. Co., 9 P. F. S., 129.

· *John J. Wilkinson* and *George Biddle*, for defendant in error.—1. The law is settled in this state that duties arise out of circumstances: Hydraulic Works *v.* Orr, 2 Norris, 274. 2. The plaintiff entered the alley lawfully, on the invitation of defendant, implied from its being left open and unobstructed as a means of access to the factory, and defendant is therefore liable for the negligence which resulted in his injury : Corby *v.* Hill, 93 E. C. L., 556; Sweeny *v.* Old Colony R. R. Co., 10 Allen, 373; Elliot *v.* Pray, Id., 385.

Mr. Justice GORDON delivered the opinion of the court, April 12th, 1886.

We have presented to us for review, in this case, three assignments of error; the first embraces an exception to the refusal of the learned judge of the court below to instruct the jury that, under all the evidence the verdict must be for the defendant. This point was well refused, for, as we look at the case, the evidence warranted a very different conclusion. The second is to the refusal of the court to affirm the defendant's ninth point, which was put as follows: "If the jury from the evidence find that the portion of the alley where the accident occurred was exclusively for the use of the factory in the rear thereof, and for the accommodation only of persons lawfully resorting to the said factory, and the jury further find from the evidence that at the time of the accident the plaintiff was passing through that portion of the alley for the purpose of entering the yard of said factory, without permission or invitation of the tenant, to take a piece of leather for his own use, without paying or intending to pay therefor, then the defen-

dant owed no duty to the plaintiff, and he cannot recover in this case." The third assignment is to the subjoined excerpt from the charge of the court. "The second point is that this child was a trespasser. In that point I do not agree. I think the boys were no more trespassers where they were than any other person who was lawfully there, and, therefore, on this point the plaintiff would be entitled to recover." These exceptions being in substance the same, we will consider them together. The complaint is that the court refused to treat the plaintiff as a trespasser in the alley, or passage way, in which he was injured by the falling wall. But we can not see how, under the facts of the case, either the court or jury could have come to any such conclusion. The plaintiff's father, Robert Abernethy, rented the property, in which he resided at the time of the accident which gave rise to this suit, from the defendant, on the 29th of February, 1883. He made no alteration whatever in or upon the premises; as he received them so he occupied them, and upon him certainly rested no duty in the way of care or repair of the adjacent house and its appurtenances, which also belonged to the defendant. It was the privy wall belonging to this house that, by its fall, occasioned the injury complained of, and with it, of course, Abernethy had nothing to do. Again, the alley, which was between his lease-hold and the adjacent premises, was used, not only as a way to the factory, or workshop, in the rear of the lots, but was appurtenant to the dwelling which he occupied, or, at least, he was warranted in so assuming, because a gate opened from the back yard of the house into this alley, and without notice to the contrary, he and his family undoubtedly had the right to use the property as he found it. How then could the plaintiff, his child, be regarded as a trespasser in its use of this passage to gain access to the yard of the workshop. There can be no question that it might have been so used as a way to the street, and why not also as a way to the factory? There was nothing to warn either child or adult that it was not to be so used, for even the intermediate gate, which had once been in the alley, had been removed before the time of the accident, so that nothing remained to indicate that the lessor did not intend the free use of it, by her tenants in either direction.

Furthermore, that there was negligence on the part of the plaintiff could not be successfully alleged, for he was not of sufficient age to warrant an assumption of this kind; on the other hand, that the wall was dangerous, and that the agent of the defendant had abundant notice of that fact, are established by the evidence. What then, if this child had no right of way over the alley in which it was found

[Berridge and Wife *v.* Glassey.]

when the wall fell upon it? What, if it were technically a trespasser? So was the child which was mortally injured by the fall of the platform in the case of the Hydraulic Works Company *v.* Orr, 2 Nor., 332, yet the plaintiff was allowed to recover. We there held, that circumstances may beget duties which under ordinary circumstances cannot be implied, and that when such circumstances are shown to exist, the question arising therefrom is not for the court, but for the jury. In that case the child entered the defendant's premises without even an implied permission, and through a gate which had been but casually left open, nevertheless we said that, as the company maintained so dangerous a trap in a place near to a highway where children were wont to congregate for their own amusement, the jury must determine, in view of all the circumstances, whether it was bound to provide against a contingency such as that which happened. In the case in hand, however, viewing the subject matter of this controversy in a light as favorable as possible for the defendant, the plaintiff was permissively in the alley. It was an open way to the workshop, through which all, as we may say, were invited to go who desired to visit that shop either on business, out of curiosity or for pleasure, and that the neighboring children would use it was not only probable but as certain as child nature. Whether, then, the owner of these premises, under the circumstances made apparent by the evidence, was or was not justified in maintaining such a dead fall as this bowing wall along the side of this passage way, was surely a question for the jury, and one that could not lawfully have been withdrawn from the consideration of that body.

The judgment is affirmed.