## Arzt *v.* Lit.

198   519
24 SC ¹243

198    519|
d223  1445|

*Negligence — Contributory negligence—Master and servant—Principal and agent—Elevator—Painting elevator shaft.*

In an action by a house painter to recover damages for personal injuries from the owners of a department store, binding instructions for defendants should be given where the evidence shows that the plaintiff went to the store immediately after the close of business hours in order to paint the elevator, which he was accustomed to do by standing on the top of the elevator shaft while it was being gradually lowered by the elevator conductor; that immediately before the accident the elevator boy was just leaving to get his supper, expecting to be gone for a few minutes; that plaintiff objected to waiting so long, and thereupon the boy told him that he might run the elevator himself by pulling the ropes while standing outside of and upon the cage; that he accordingly got upon the top of the cage, the elevator being in good condition, pulled one of the ropes, started the cage upwards, was unable to stop it, and was crushed between the roof timbers and the elevator.

In such a case it was not within the scope of the elevator boy's employment, to ask or to permit the plaintiff to run the elevator; there was no occasion for submitting to the jury to determine whether or not the elevator boy was competent and trustworthy, or whether or not it was proper for him to go at the time he did, or whether there was any breach of duty upon the part of the defendants in allowing him to go to his supper without providing a substitute.

Argued Jan. 10, 1900. Appeal, No. 219, Jan. T., 1900, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1899, No. 281, on verdict for plaintiff in case of Christian Arzt *v.* Samuel D. Lit and Jacob D. Lit, trading as Lit Brothers. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass for personal injuries. Before McCarthy, J.

At the trial it appeared that on March 13, 1899, plaintiff, a house painter, went to the department store of defendants about 6 : 30 in the evening to paint the elevator shafts in the store. He was employed by S. H. Rau, a painter who had contracted to do the work. The circumstances of the accident are stated at length in the opinion of the Supreme Court.

Defendants' points were as follows :

1. If you believe the elevator in question was a reasonably

fit machine for the purposes for which it was intended, to wit: the carriage of passengers, the defendants cannot be held liable in this case upon the ground that it was a defective machine, while it was being used not for those purposes, but as a scaffold for a painter to use in painting the shaft by standing on the top of the cage, and unless you find that the defendants were negligent in some other respect, causing the accident, your verdict must be for the defendants. *Answer :* Refused. [1]

2. There is no evidence in this case that the elevator in question was not a reasonably fit machine for the purposes for which it was intended, to wit: the carriage of passengers, and the defendants cannot be held liable in this case upon the ground that it was a defective machine while it was being used not for those purposes, but as a scaffold for a painter to use in painting the shaft by standing upon the top of the cage, and unless you find that the defendants were negligent in some other respect, causing the injury, your verdict must be for the defendants. *Answer :* Refused. [2]

3. If you believe the plaintiff in getting on top of the cage to use it as a scaffold to paint the shaft, and attempting to operate it from the top without an elevator attendant to operate it, was in a dangerous position, he assumed all the risks and dangers incident thereto, and your verdict must be for the defendants. *Answer :* Refused. [3]

4. It is manifest that the plaintiff in getting on top of the cage to use it as a scaffold to paint the shaft, and attempting to operate it from the top without an elevator attendant to operate it, was in a dangerous position, and the plaintiff thereby assumed all the risks and dangers incident thereto, and your verdict must be for the defendants. *Answer :* Refused. [4]

5. If you believe the defendants provided an elevator conductor to operate the elevator in question while the painter was painting the shaft, and the plaintiff knew it, and in the elevator conductor's absence the plaintiff voluntarily assumed the risk of running the elevator from the top while standing thereon to prosecute his work, that was contributory negligence on the part of the plaintiff, and he cannot recover, and the verdict must be for the defendants. *Answer :* Refused. [5]

6. It being undisputed that the defendant supplied an elevator conductor while the painter was painting the shaft, and

that in the elevator conductor's absence the plaintiff voluntarily assumed the risk of running the elevator while standing on top of it, that was contributory negligence on his part and he cannot recover, and the verdict must be for the defendants. *Answer:* Refused. [6]

Verdict and judgment for plaintiff for $20,000. Defendant appealed.

*Errors assigned* among others were (1–6) above instructions, quoting them.

*John G. Johnson,* with him *Crawford & Loughlin,* for appellants, cited: Wischam v. Rickards, 136 Pa. 109; Flower v. Penna. R. R. Co., 69 Pa. 210; Patterson on Railway Accident Law, sec. 276; Wood's Railway Law, pp. 1121–1127–1152–1156; Auburn v. The Tube Works Co., 14 Pa. Superior Ct. 568; Brown v. Pittsburg, etc., Traction Co., 14 Pa. Superior Ct. 594; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Higgins v. Fanning & Co., 195 Pa. 599; Kohler v. Schwenk, 144 Pa. 348; Reese v. Hershey, 163 Pa. 258.

*A. T. Freedley,* with him *U. S. Koons,* for appellee, cited: McGroarty v. Wanamaker, 187 Pa. 132; Bier v. Standard Mfg. Co., 130 Pa. 446; McGuigan v. Beatty, 186 Pa. 329; O'Brien v. Sullivan, 195 Pa. 478; Murphy v. Crossan, 98 Pa. 497; Strawbridge v. Bradford, 128 Pa. 200; Riland v. Hirshler, 7 Pa. Superior Ct. 384; Bennett v. Standard Plate Glass Co., 158 Pa. 120; Bannon v. Lutz, 158 Pa. 173; Honifus v. Chambersburg Engineering Co., 196 Pa. 47; Glossen v. Gehman, 147 Pa. 619; Sopherstein v. Bertels, 178 Pa. 402.

OPINION BY MR. JUSTICE POTTER, February 25, 1901:

The plaintiff, who was a painter, received the injuries here complained of, by an accident which occurred while he was painting the elevator shafts in the defendant's building.

In doing the work, the painters were accustomed to stand upon, and outside of, the elevator cage, and beginning at the top of the shaft, have the cage lowered gradually as the work progressed. The elevators being constantly in use during the day, it was necessary that the painting should be done outside

of regular business hours. On the day of the accident, the plaintiff and his fellow workmen came, prepared to begin work on the shaft at 6 o'clock in the evening. The elevator boy who was in charge, was just leaving to get his supper, and expected to be gone some fifteen minutes. The plaintiff objected to waiting so long; and claims that the elevator boy then told him, that he might run the elevator himself, by pulling the ropes while standing outside of, and upon the cage. He accordingly got upon the top of the cage with his companions. The elevator boy was then standing at the third floor. The plaintiff pulled one of the ropes, and started the cage upward but was unable to stop it, until it had come so close to the roof timbers as to crush him severely, causing permanent injury.

The right to recover here, is based upon the allegation that plaintiff was permitted to take possession of the elevator, by the boy in charge, who was the agent of the defendants. But the elevator boy had no authority from the defendants, to transfer the running of the elevator to the plaintiff. He was placed in charge by the defendants, for the purpose of running the elevator himself, from the inside, and by means of proper appliances therein contained, for controlling the power.

The elevator was constructed with the intention of being operated from the inside; and the manner in which the plaintiff attempted to work it, from the outside, and from the top of the cage, and by pulling the ropes, by hand, was unusual and extraordinary.

In the charge to the jury, the learned court below assumed that the elevator boy was the agent of the defendants, not only in the operation of the elevator from the inside, in the usual and ordinary manner, but that his agency extended to the delegating of its operation to the plaintiff. This was error, for even if it be true, that the plaintiff took possession of the elevator at the invitation of the operator, yet to hold the defendants responsible for the act of the plaintiff himself, in assuming the operation of the machine in a most unusual and unsafe manner, would be to impose an unwarrantable burden upon them.

Complaint is made that the elevator boy left the elevator and went away to get his supper; but he did not go while the plaintiff was upon the cage, or was in his care as a passenger.

If he had, an entirely different question would have been presented. The plaintiff was not abandoned by the conductor of the elevator. He had not entered, nor gotten upon the cage, while the operator was present, but after he had gone; and, although he knew that the operator's absence would be temporary, the plaintiff declined to wait, but chose rather to operate for himself. All that was involved in the situation was the loss of a few moments of time. The plaintiff could have waited until the return of the elevator boy, whose duty it was to operate the machine, and who was provided for that purpose by the defendant. Or, if unwilling to await his return, he might have asked that another competent person be provided, to take the place of the boy, in his absence. But the plaintiff did neither. Relying upon his own knowledge of the machinery and its method of working, he took upon himself the responsibility of its operation, with a result most unfortunate.

There was no occasion for submitting to the jury the question as to whether or not the elevator boy was competent or trustworthy; for there is nothing in the evidence to sustain a finding that he was lacking in either of these respects. It is true that he was permitted to go to his supper. But the accident was not caused by the fact that he went to his supper; it was caused by the voluntary attempt upon the part of the plaintiff to operate the elevator for himself.

The court was not justified under the evidence, in allowing the jury to determine whether or not it was proper for the elevator boy to go, at the time he did. Neither had the jury any right to say that he was incompetent or untrustworthy for having done so.

Nor was it for the jury to say that there was any breach of duty upon the part of the defendants, in allowing the elevator boy to go to his supper without providing a substitute. These were all matters within the discretion and control of the defendants in the management of their business.

The twelfth assignment of error, which complains of that portion of the charge in which the jury were allowed to find negligence in these respects, is therefore sustained.

It was not within the scope of the elevator boy's employment to ask, or to permit, the plaintiff to run the elevator: Flower v. Penna. R. Co., 69 Pa. 210. The evidence clearly

shows that the cage was not intended for the carriage of passengers on its top, much less was it intended that it should be operated from the outside. There was nothing in the evidence to show that the elevator was not fit for the purpose for which it was intended; and the mere fact that convenience suggested its use as a movable scaffold, while the painting was being done, did not, and could not, impose upon the defendants the degree of care contended for by the plaintiff in the court below.

The defendants were entitled to an affirmance of the fifth point of charge, which was as follows: " If you believe the defendants provided an elevator conductor to operate the elevator in question while the plaintiff was painting the shaft, and the plaintiff knew it, and, in the elevator conductor's absence, the plaintiff voluntarily assumed the risk of running the elevator from the top, while standing thereon to prosecute his work, that was contributory negligence on the part of the plaintiff and he cannot recover, and your verdict must be for the defendants." The fifth assignment of error is therefore sustained.

The negligence charged in the declaration is that the elevator was defective, out of repair, and dangerous to use. But the evidence is not sufficient to support any of these averments. It appears that the elevator was all right, after the accident, and was in condition to be operated without any repairs, and was so operated; showing that the difficulty was not in the machinery, but in the lack of knowledge upon the part of the plaintiff. The operator came back, and ran the car all the rest of the evening, with two painters on the top, and had no difficulty whatever.

Under any aspect of the case, the verdict cannot be sustained by the evidence. The defendants' eleventh point of charge should have been affirmed, and a verdict directed for the defendants.

The judgment is therefore reversed.