# Kierkowsky *v.* Connell, Appellant.

*Negligence—Animals—Mules—Children—Invitees— Trespassers —Case for jury.*

1. The case was for the jury in an action against the owner of a mule for injuries sustained by a twelve year old boy in consequence of being kicked by the mule while he was removing the harness therefrom where it appeared that defendant's vice-principal had for a long time permitted the boy to go with the wagon in making deliveries and to be in the stable about the mule and to

assist in caring for it, although defendant's evidence showed that plaintiff had been ordered by the driver to leave the stable before the accident.

2. Where in such case it appeared that the boy was healthy before the accident, but as the result thereof his jaws were broken and he was unable to properly masticate his food, could not stand the cold, had lost his normal strength and was to some extent disfigured, a verdict of $3,000.00 for the boy and $500.00 for the father was not excessive.

3. In such case the fact that the boy was so immature as to be without earning capacity did not deprive the plaintiffs of the right to recover for such loss of earnings as the jury might find from all the facts and circumstances had been or would be sustained as a result of the accident.

Argued Feb. 14, 1916.   Appeal, No. 238, Jan. T., 1915, by defendant, from judgment of C. P. Schuylkill Co., March T., 1913, No. 346, on verdict for plaintiffs, in case of Joseph Kierkowsky, a minor, by his father and next friend, William Kierkowsky, and William Kierkowsky *v.* Joseph B. Connell and others to plaintiff unknown, trading as The Kaska William Supply Company.   Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for Joseph Kierkowsky for $3,000 and for William Kierkowsky for $500 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

W. K. *Woodbury,* of *Woodbury & Woodbury,* with him *John F. Whalen,* for appellant.—The allegata and probata do not agree.

The invitation alleged to have been extended to the boy was not given by one who had authority to bind the

company: Arzt v. Lit, 198 Pa. 519; Duff v. Allegheny Val. R. R. Co., 91 Pa. 458; Bowler v. O'Connell, 162 Mass. 319 (38 N. E. Repr. 498).

The defendants were guilty of no negligence as to the boy even though he was an invitee: Cosgrove v. Hay, 54 Pa. Superior Ct. 175; Guilmartin v. Philadelphia, 201 Pa. 518; Oil City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321.

Even if the defendants were negligent, their negligence was not the proximate cause of the injury: Penna. R. R. Co. v. Hope, 80 Pa. 373; Hoag & Alger v. Lake Shore & Mich. So. R. R. Co., 85 Pa. 293; White v. Roydhouse, 211 Pa. 13; Brace v. Kirby, 43 Pa. Superior Ct. 389.

*A. D. Knittle,* for appellee.—The plaintiff was not a trespasser upon the premises: Cosgrove v. Hay, 54 Pa. Superior Ct. 175; Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214; Curtis v. De Coursey, Receiver of the W. N. Y. & P. R. R., 176 Pa. 446; Rachmel v. Clark, 205 Pa. 314; Duffy v. Sabel Iron Works, 210 Pa. 326; O'Leary v. Pitts. & Lake Erie R. R. Co., 248 Pa. 4; Philadelphia, Wilmington & Balto. R. R. Co. v. Brannen, 1 Sadler (Pa.) 369; Whaley v. Citizens' Nat. Bank, 28 Pa. Superior Ct. 531; McClung v. Dearborne, 134 Pa. 396.

Plaintiff was on the premises as an invitee.

It was for the jury to determine whether or not the defendants fulfilled their duty toward him: McCully v. Clark & Thaw, 40 Pa. 399.

It was negligence to allow a boy of 11 or 12 years to work about the mules: Goodman v. Gay, 15 Pa. 188; Henry & Wife v. Klopfer, 147 Pa. 178; Troth v. Wills, 8 Pa. Superior Ct. 1; Mills v. Bunke, et al., 69 N. Y. Supp. 96; Douglass v. Converse, 248 Pa. 232; Tolin v. Terrell, 117 S. W. Repr. 290; Borden v. Falk, 97 Mo. App. 566, 71 S. W. Repr. 478.

OPINION BY MR. JUSTICE WALLING, May 15, 1916:

This is an action by a father and son for damages by

reason of personal injuries to the son, called herein, "the plaintiff." During the year 1911, and prior thereto, defendants had a general store in Schuylkill County known as "Kaska William Supply Company." They kept in a stable some distance from the store a horse and a pair of mules used for delivery purposes. On the morning of November 30, 1911, (Thanksgiving Day), Stanley Lauk an employee of defendants delivered articles to customers, using the mules and wagon. Plaintiff, then twelve years of age, rode with him from the store to the customers' homes, helped to deliver the articles and then rode back to the stable, where the mules were unhitched, watered, placed in their stalls and unharnessed. In doing all of which plaintiff, according to the evidence on his behalf, assisted and was by the driver allowed to assist; and, as he stood behind one of the mules trying to pull off the back part of the harness, she kicked him violently in the face inflicting serious and permanent injuries. Prior thereto so far as appears the animal had not been considered vicious.

J. B. Connell, the general manager of the store, lived away and in his absence Hugh Duffy had full charge of the business including the store and stable. According to the evidence for plaintiff, Mr. Duffy had for a long time permitted him to go with the wagon in making deliveries, and to be in the stable about the mules and to assist in caring for them, etc. Some evidence also tends to show that other boys were often there under like circumstances.

Much evidence was offered by defendants to the effect that plaintiff and other boys were mere trespassers on the wagon and at the stable, and had been repeatedly driven away, and that plaintiff on the day of the accident had been ordered by the driver from the wagon and out of the stable. The jury believed plaintiff's evidence. Assuming that he was repeatedly permitted to go in the stalls with the mules, and to be around and behind them, and to harness or unharness them, was he thereby ex-

posed to danger?    The question is not whether the mules were known to be vicious, but whether the place was dangerous for a boy twelve years old.    Had he been six years old no one would doubt it.    And the court cannot say as matter of law that because he was twelve years old he was not exposed to peril.    That was peculiarly a question for the jury.    And whether the boy was guilty of contributory negligence, considering his age and all the circumstances, was also for the jury.    His capacity was the test of his liability.

The jury on plaintiff's evidence could properly find that the proximate cause of the accident was permitting the boy to be and to work around and about the mules. The court below well say :

"It is too plain for argument that the presence of the boy and his attempt to remove the harness resulted in his injury.    If the defendant invited him or requested him to be there and to assist in such removal, why should it not be answerable for the consequences which might reasonably be expected to flow from his act.    Whether or not these consequences should have been expected, and whether or not the defendant should have foreseen them are surely questions of fact for a jury, and not questions of law for a court."

That Mr. Duffy was a vice-principal for whose acts defendants are liable is unquestioned, and if he repeatedly permitted plaintiff to be on the wagon, in the stable and working around the mules, as he was at the time of the accident, the fact that such vice-principal was not then present would not exonerate defendants.    Whether plaintiff was there by their permission was a question for the jury.

The verdict is not excessive either for the father or the son.    The boy's jaws were broken, sixteen of his teeth knocked out, other teeth rendered practically useless, he is unable to properly masticate his food, cannot stand the cold, is sick more or less each month, has not normal strength or efficiency and is to some extent disfigured.

The evidence tended to show that he was healthy before the accident, and being then so immature as to be without earning capacity did not deprive plaintiffs of the right to recover for such loss of earnings as the jury found from all the facts and circumstances had been and would be sustained as a result of the accident: Fedorawicz v. Citizens Electric Illuminating Co., 246 Pa. 141.

The statement of the questions involved makes no mention of variance between the allegation and the proof. In any event we think that complaint is without substantial merit. The court below tried the case with painstaking care and marked fairness, and if the result is unjust to defendants it is because the jury erred in finding the facts.

The assignments of error are overruled and the judgment is affirmed.