# O'Hanlon et al. *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Damages—Child—Loss of earning power—Street railways—Excessive verdict — New trial — Appeal — Practice, Supreme Court—Practice, C. P.—Act of May 20, 1891, P. L. 101.*

1. It is the duty of the trial court to supervise the work of the jurors so as to prevent injustice, and to set aside a verdict when satisfied that it resulted from sympathy or prejudice.

2. The power given to the Supreme Court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional, and will only be exercised to prevent palpable injustice, and never where there is room for an honest difference of opinion.

3. The fact that a child when injured is so immature as to be without earning capacity does not deprive him of the right to recover for such loss of earnings as the jury may find from all the facts and circumstances he would, after reaching majority, sustain as a result of the accident.

4. In an action by a seven-year-old child against a street railway company to recover for personal injuries a verdict for the plaintiff for $10,000 is not so glaringly excessive as to require the Supreme Court to grant a new trial, where it appeared that as a result of the injuries two amputations of the leg were necessary, that plaintiff sustained other minor injuries and a severe shock, and suffered great pain, and would in the future experience inconvenience in consequence of his crippled condition.

Argued Oct. 18, 1916.  Appeal, No. 121, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 1114, on verdict for plaintiff, in case of Francis O'Hanlon, a minor, by his next friend and father, Matthew O'Hanlon, and Matthew O'Hanlon, in his own right, v. Pittsburgh Railways Company.  Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Matthew O'Hanlon, for $3,000 and for plaintiff, Francis O'Hanlon, for $10,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing a new trial.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellee.

OPINION BY MR. JUSTICE WALLING, February 5, 1917:

On October 27, 1913, Francis O'Hanlon, the plaintiff, then seven years of age, was struck and injured by one of defendant's electric street cars in Greenfield avenue, Pittsburgh. The accident happened in front of a school building at which plaintiff was a pupil, and under such circumstances as admittedly rendered the question of defendant's liability one for the jury, who awarded plaintiff ten thousand dollars. The father's case is not before this court.

The only question raised by the appeal is as to the amount of the verdict, and whether the court below abused its discretion in refusing to grant a new trial on account thereof. Plaintiff was struck by the fender, dragged a short distance and then fell under the car so that his left leg was crushed, requiring amputation above the knee, and four months later, by reason of gangrene, a second amputation, leaving a stump just of sufficient length to attach thereto an artificial limb, so he can walk but with a limp. Plaintiff sustained other minor injuries, and at first suffered from shock. He was in the hospital five months and kept from school nearly a year.

His health was good before the accident. For some time the injuries were very painful, and plaintiff will of course during the remainder of his life be subjected to more or less inconvenience, and his earning power will to some extent be permanently impaired. The trial judge submitted the question of damages to the jury in a very careful and conservative charge; and after deliberation the motion for a new trial was refused and judgment entered upon the verdict.

It is the duty of the trial court to supervise the work of jurors so as to prevent injustice, and to set aside a verdict when satisfied that it resulted from sympathy or prejudice. But the power given to this court to grant a new trial, under the Act of May 20, 1891, P. L. 101, is exceptional, and should only be exercised to prevent palpable injustice, and never where there is room for an honest difference of opinion. The verdict here is not so glaringly excessive as to shock the sense of justice of this court, or render the trial court's refusal to set it aside an abuse of judicial discretion.

Plaintiff being so immature when injured as to be without earning capacity did not deprive him of the right to recover for such loss of earnings as the jury found from all the facts and circumstances he would, after reaching his majority, sustain as a result of the accident: Fedorawicz v. Citizens Electric Illuminating Co., 246 Pa. 141; Kierkowsky v. Connell, 253 Pa. 566; Campbell v. Philadelphia, 252 Pa. 387.

In addition to which there was the element of pain, suffering and inconvenience, which in a case of this nature is peculiarly one for the consideration of the jury.

The law does not set a uniform value upon the loss of a leg or other specific personal injury; and hence it is a matter for the jury, subject to the control of the trial court. It would require extraordinary circumstances to justify an appellate court in laying its hands upon a verdict in such case.

The assignments of error are overruled and the judgment is affirmed.