**PENNSYLVANIA R R COMPANY v
MOSES, Admr**

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 28, 1931

Burt, Kinnison, Carson & Shadrach, Canton, for plaintiff in error.

Amerman & Mills, Canton, for defendant in error.

546

MONTGOMERY, J.

From an examination of this record we fail to find any error in the introduction or exclusion of evidence prejudicial to the plaintiff in error. Nor do we find that the verdict was manifestly against the weight of the evidence. Had the case been submitted to the jury under proper charge of the court, we should have had no hesitancy in affirming the judgment.

Plaintiff in error contends that there should have been a directed verdict for it, in view of the undisputed evidence that the decedent was guilty of contributory negligence in that she was riding as one of six in what it is admitted was a one seated car, in violation of the ordinance of the city of Canton.

With this centention we do not agree. That act of the decedent constituted negligence per se, but there could not be a directed verdict on that ground in the absence of a showing that except for such conduct on her part her death would not have occurred. Under the evidence in this case the jury might have arrived at the conclusion that the defendant was negligent, as charged in the petition, and that the admitted negligence of the decedent did not contribute to the result.

At the request of the plaintiff in error, the court charged the jury:

"3. I will say to you as a matter of law that the violation of a duly enacted and existing ordinance of a city constitutes irrebuttable negligence in itself. The undisputed evidence in this case is that six persons were riding in the automobile which was involved in this accident and that said au-tomobile was a single seated car and all of said persons were in said front seat.

I will say to you that this constituted a violation of said ordinance and that the decedent, Ruth Moses, as one of said passengers, was guilty of negligence.

If you find that said negligence in the slightest degree contributed directly to the accident which resulted in her death, then her administrator cannot recover in this case and your verdict must be for the defendant."

This is a correct statement of the law and is very favorable to the plaintiff in error. It could not have asked for more and the court did not err in refusing to direct a verdict.

Now, as to the general charge of the court to the jury; in view of the assignments of error made in connection therewith, we have examined this charge with considerable care.

Plaintiff in error complains of the part of the charge with reference to the relative rights of the railway company and the persons riding in an automobile at a railway intersection. On this proposition the court charged as follows:

"Now as to the care required by persons approaching a railroad crossing, our courts have given a somewhat simple rule in regard to the respective duties of the railroad operators and persons using the highway and it is to this effect: That the right of the railroad company to enjoy the use of its railroad at the crossing of a public highway and the right of a party traveling along said highway to use the highway are coordinate and equal. Reasonable care and prudence must be exercised by each party in the use of the same. Each must so use his own right to cross that he shall not unreasonably interfere with the rights of others to pass over, having in view the nature and necessities of the method of locomotion, and the power of control over the locomotion peculiar to each, so that while the operators of the railroad are to use care, considering the nature of their machinery, the speed with which it is necessary to run a train, the effect of a collision by a train with an object on the crossing, and all other elements of danger entering into it, that under the circumstances a man of ordinary prudence would exercise. It is also true that one who travels the highway in approaching a railroad crossing must also be in the exercise of ordinary care."

It is contended that this violates the rule laid down in the case of **Railway Company**

v **Kistler,** 66 Oh St, 326, wherein the law was laid down as follows:

"As between a person about to cross over a railroad at a crossing and a train of cars approaching such crossing, the train has the right of way. This is so because the person can stop within a few feet and the train cannot."

In that case the court condemned the charge of the trial court, but an examination of the record in that case will show the very apparent distinction between the charge there given and the charge in the case at bar.

In the instant case it will be observed that the court said:

"Each must so use his own right to cross that he shall not unreasonably interfere with the rights of others to pass over, having in view the nature and necessities of the method of locomotion, and the power of control over the locomotion peculiar to each."

This language obviates the objection raised by the Supreme Court as to the charge given by the trial court in the Kistler case, and this language here quoted, in our judgment, makes the charge in this respect free from objection.

Complaint is made of the charge in that the court assumed to discuss the matter of the headlight upon the engine. It is true that the petition did not allege the absence of such light as a ground of negligence. However, the defendant affirmatively pleaded the existence of this light in connection with its claim that the occupants of the car failed to see the approach of the engine when they might have seen it. The affirmative allegation of the answer was denied by the reply. The defendant thereby put this matter at issue and there was evidence with reference to the fact of the headlight. The court therefore did not err in its charge to the jury in that respect.

The court said to the jury:

"I will say to you that the Interstate Commerce Commission—the Federal Interstate Commerce Commission has established the following rule: Each locomotive used in road service between sunset and sunrise shall have a headlight which shall afford sufficient illumination to enable a person in the cab of such locomotive, who possesses the usual visual capacity required of locomotive enginemen, to see in a clear atmosphere a dark object as large as a man of average size standing erect a distance of at least 800 feet ahead and in front of such headlight and such headlights must be maintained in good condition."

It is contended by plaintiff in error that this is not the law; that a violation of the rules of the Interstate Commerce Commission does not constitute negligence per se, which the court later on in its charge said would be the result of a violation of this rule.

Reliance is placed upon the case of Schumer v Caplin, 241 N. Y. Rep., page 346, which was decided by a divided court. However, it will be observed that the matter involved in that case was the violation of a rule of the Industrial Commission of the state of New York and the court held that the violation of the rules of such Commission were not under the laws of New York negligence per se.

In the case at bar the charge is in effect a violation of the rules of the Federal Interstate Commerce Commission.

The Supreme Court of the United States, in the case of Napier et v Atlantic Coast Railroad Company, 272 U. S., page 432, said:

"Congress may regulate locomotive equipment used in a highway of interstate commerce so as to preclude state legislation. * * * The power conferred upon the Interstate Commerce Commission * * * occupies the entire field so as to exclude state power to require automatic doors to fire boxes and cabin curtains."

That case had to do with a boiler equipment in engines engaged in interstate commerce, but the principle is the same and the requirement with reference to lights upon engines engaged in interstate commerce has the same effect. The record shows that the engine in the instant case was engaged in interstate commerce.

It follows therefore that a rule of the Interstate Commerce Commission has an even greater binding force and effect than would an act of the State legislature, and a violation of it would be negligence per se.

Counsel for defendant in error with propriety refer to the case of Lancaster et v Allen, 110 Texas, page 213, in which, referring to a locomotive used in interstate commerce, the court said:

"But if it did not meet the tests so prescribed, the failure, if causing an injury, is constituted negligence per se, such tests being substituted by the Federal Statute

for the common law requirement of ordinary care."

Objection is made to that portion of the charge of the court in which he defined preponderance of the evidence. Suffice it to say, however, that of the language used by the court in that respect we have no criticism and we think it fairly states the law.

There is another respect however, in which we cannot approve of this charge. The court, after referring to the ordinance of the city of Canton prohibiting the riding of more than three people in a one seated car, said:

"The court will say to you that a violation of this ordinance, if you find that there was a violation of the ordinance, would amount to negligence per se. In order to constitute a defense, it would also be necessary for you to find that it was the proximate cause or a proximate cause of the injury complained of."

This places too great a burden on the defendant. The answer charges the violation of the ordinance by the driver of the machine and by the plaintiff's decedent, as a passenger. The question of contributory negligence was in the case. It is not necessary, in order to constitute a defense, that it be found that the violation of the ordinance was **the** proximate or a proximate cause. It would be a defense if it were found to be a contributing cause.

The court charged erroneously on the matter of contributory negligence, but in that respect the charge was not prejudicial to plaintiff in error.

Holding that the court erred in its charge in the particular matter pointed out, and that this error was prejudicial to the rights of the plaintiff in error, it follows that the judgment. of the Court of Common Pleas must be, and the same is, reversed.

The cause is remanded to that court for further ·proceedings.

Exceptions.

SHERICK, PJ, and LEMERT, J, concur.