## Weimer et ux. *v.* Westmoreland Water Company, Appellant.

Argued April 23, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Robert W. Smith,* of *Smith, Best & Horn,* for appellant.

*John E. Evans, Jr.,* of *Margiotti, Pugliese, Evans & Buckley,* with him *Joseph M. Loughran,* for appellees.

OPINION BY BALDRIGE, J., July 15, 1937:

The defendant appeals in this action of trespass from a judgment obtained by the plaintiffs for the death of their minor son, 13 years of age, resulting from the falling of a freight hoist or elevator in defendant's filtration plant.

This plant consists of a rather long, low, irregular-shaped building made up of various rooms, located on South Broad Street, South Greensburg, in the proximity of a residential district. Facing the lawn, 8 to 10 feet wide, lying between the plant and the street, are four main entrances; three have double doors and the fourth a single door, which were kept open in summer. To each entrance was attached a chain with a small sign thereon, stating "No Admittance," but most of the time the chains were down. In the plant were moving machinery, electrical equipment, and water being chemically treated. At the northern end is a "Mixing Room", where the water enters the plant and is agitated over an iron grill of a fountainlike construction. Immediately next thereto is a room for storage of chemicals. In the mixing room there was a hoist with a floor 3 by 5 feet, but without an enclosed cage, operated by means of a windlass and a chain attached at the top, to raise to the second floor alum and lime used in the filtration process. Two "V"-shaped iron rails on one side of the wall or partition between the mixing and storage rooms acted as a guide, but there was no safety device equipment to prevent the hoist from falling in the event the chain on which it was suspended broke.

The testimony offered upon the part of the plaintiffs, which must be interpreted most advantageously to them, shows that from 1930 to 1934 the children in the neighborhood frequently went into defendant's building. One witness testified that the boys were in the plant daily. There was no proof that any objection was raised to their presence, or warning given, other than the notice of no admission on the chains. This was ineffective if, by general custom, it was disregarded: Restatement, Torts, sec. 334, p. 906.

On November 3, 1934, about 10 o'clock a. m., Edward Weimer, son of the plaintiffs, with a boy companion, was passing the plant when a laborer employed by de-

fendant, sitting in the open doorway, offered Edward a cigarette if he and his companion would come inside and turn the crank which raised the hoist. The boys accepted this proposition and after working a while left the plant. Edward later returned with another boy, and they assisted an employee in raising the hoist, on which had been placed four heavy sacks of chemicals. When this employee went to the second floor to remove the sacks, Edward left the windlass, went under the hoist to see if it had been raised sufficiently, and at that moment the chain broke, causing the hoist to fall, fatally crushing him.

Plaintiffs in their statement of claim alleged that the hoist was an appliance negligently constructed and maintained and that it attracted children, that the deceased boy was in the plant at the request and with the consent of defendant, acting through its servants and agents.

The appellant denied these averments and maintained that the facts proven failed to bring this case under the so-called attractive nuisance or playground rule, especially as this accident occurred inside defendant's building. It argued further that the evidence did not establish any permissive use and therefore the deceased was a trespasser; that as no proof was adduced of wilful or wanton negligence, it is not liable.

The so-called playground or attractive nuisance doctrine has been firmly established in our jurisprudence. The latest case of our Supreme Court recognizing this rule is *Hogan et al. v. Ætna Concrete Block Co.,* 325 Pa. 49, 188 A. 763, which cites a number of previous decisions. It is there pointed out that if children are wont to go on premises to play or for other purposes, and the owner thereof maintains attractive appliances or artificial conditions which create a danger, and does not express his disapproval of their presence, he is legally bound to use ordinary care. We have found no Penn-

sylvania authority expressly holding the playground rule applicable to inside of buildings.

It is unnecessary to discuss further this doctrine as in our view the evidence did not establish that the hoist was an appliance that induced the deceased boy to enter the defendant's plant or in anyway attracted him. But there was proof of a permissible use by defendant which imposed upon it the duty to use reasonable care for the safety of children frequently visiting its plant.

We concede in the beginning of our discussion of this phase of the case that the laborers working around defendant's plant had no authority to invite the deceased to assist them in their work: *Flower v. Penna. Railroad Co.,* 69 Pa. 210; *Arzt v. Lit et al.,* 198 Pa. 519, 48 A. 297; *Stefan v. New Process Laundry Co., Inc.,* 323 Pa. 373, 185 A. 734. The right of recovery is not based thereon, but on the duty of the defendant in operating and maintaining a dangerous hoist, accessible to children who were so frequently present in the plant as to imply that the defendant tacitly assented thereto, to use reasonable care to guard them from injury.

It was said in *Kay v. Penna. Railroad Co.,* 65 Pa. 269, 273: "Duties grow out of circumstances, the authorities tell us, and that which in one case would be an ordinary and proper use of one's rights may, by a change of circumstances, become negligence and a want of due care." See also, *Schilling v. Abernethy,* 112 Pa. 437, 3 A. 792. In *Hydraulic Works Co. v. Orr et ux.,* 83 Pa. 332, the defendant had a factory enclosed by a fence which included a gate leading to a frequented street where children played. The passage was often open and children entered the enclosure. The plaintiffs' son strayed therein and while at play, the platform fell and broke the child's back. The court, in holding the defendant liable, said (p. 335) : "But it has been often said, duties arise out of circumstances. Hence, where the owner has reason to apprehend danger, owing to the peculiar situ-

ation of his property and its openness to accident, the rule will vary." Mr. Justice DREW, in the course of the opinion in *Hogan et al. v. Etna Concrete Block Co.*, supra, said (p. 51): "Toleration of trespass for sufficient time gives rise to privilege which adds to the duties of the occupier in the maintenance and use of his premises." We said in *Martinez v. Pinkasiewicz*, 118 Pa. Superior Ct. 200, 203, 180 A. 153, speaking through Judge PARKER: "Even granting for the sake of argument, that the facts here proven did not show the use of the ground by the children as a common playground, as that term is defined in the case of *Fitzpatrick v. Penfield*, supra [267 Pa. 564, 109 A. 653], the facts do show a permissive use of the premises by the owner."

Recovery was allowed where a boy with the alleged permission or knowledge of the owner, went into a barn and fell into a cistern in the floor *(Cosgrove v. Hay*, 54 Pa. Superior Ct. 175), and where a boy, by permission, went into a stable and was kicked by a mule *(Kierkowsky v. Connell*, 253 Pa. 566, 98 A. 766).

While there was no proof here of actual notice to the defendant, the frequency of the presence of the children over an extended period of time constituted a constructive notice, and that is sufficient: *Mullen v. Wilkes-Barre G. & E. Co.*, 229 Pa. 54, 77 A. 1108; *Kierkowsky v. Connell*, supra; 45 C. J. p. 757, §153.

*Rahe v. Fid.-Phila. Trust Co.*, 318 Pa. 376, 178 A. 467, relied upon by the appellant, is obviously distinguishable from the present case as, there, the playground rule was held not to be applicable as the child who was injured entered a vacant building, and the testimony showed that the time and extent of the use thereof was inadequate to charge the owner with notice.

We will not attempt to refer to the numerous other authorities cited, but they have been considered and we do not find them controlling in the case at bar.

Our conclusion on this branch of the case is that it

was for the jury to consider the character of the construction of this hoist, the manner of its operation, the presence of the children, the owner's knowledge, etc., and determine whether defendant used the care legally required under the facts present and the law.

The appellant further attacks the trial court's admitting in evidence the rules and regulations of the Department of Labor and Industry, relating to the construction and maintenance of elevators in the state, and charging the jury that the violation of these rules might be considered as evidence of negligence on the part of defendant.

Whether the violation of the rules and regulations of a commission or administrative agency of government may be considered as evidence of negligence, in so far as we have been able to ascertain, has not been passed upon in Pennsylvania. It is stated in 45 C. J. p. 732, §124: "Violation of a rule or regulation of a governmental commission or board is not negligence per se, but may afford some evidence of negligence."

In *Schumer v. Caplin* (N. Y.), 150 N. E. 139, the Court of Appeals of New York held that the violation of rules of the Industrial Commission of the state of New York, requiring safety devices for window cleaners, was similar to a violation of an ordinance and could be considered as evidence of negligence, but did not amount to negligence per se. The rules of the commission were promulgated pursuant to a statutory authority, just as in the instant case where they were drawn up pursuant to the provisions of section 3 of the Act of May 2, 1929, P. L. 1518 (35 PS §1343). See, also, *Ursprung v. Winter Garden Co., Inc.,* 169 N. Y. S. 738. Violation of an air traffic rule established by the Secretary of Commerce, requiring blimps to fly above 500 feet, was held to constitute negligence: *Neiswonger v. Goodyear Tire & Rubber Co. (D. C. Ohio),* 35 F. (2d) 761. See, also, *Penna. Railroad Co. v. Moses* (Ohio),

182 N. E. 40, holding that the violation of orders of the Interstate Commerce Commission, prescribing headlight equipment for locomotives used in interstate commerce, constitutes negligence per se. In Pennsylvania, a violation of a statute or ordinance is evidence of negligence: *Ubelmann v. American Ice Co.,* 209 Pa. 398, 58 A. 849; *Westervelt v. Dives,* 231 Pa. 548, 80 A. 1054; *Drake v. Fenton,* 237 Pa. 8, 85 A. 14; *Jinks v. Currie,* 324 Pa. 532, 188 A. 356; *Weinschenk v. Phila. Home Made Bread Co.,* 258 Pa. 98, 101 A. 926; *Fry v. Brubaker,* 77 Pa. Superior Ct. 438.

Although a statute or ordinance may be offered as evidence of negligence, it cannot be considered a sole basis of recovery. Likewise, we think the rules and regulations of the Department of Labor and Industry are admissible in evidence; it is not necessary to specifically plead them. In *Weinschenk v. Phila. Home Made Bread Co.,* supra (p. 106), the court stated: "The defendant argues that, since the ordinance under consideration was not specially pleaded, it should not have been accepted in evidence at all. If plaintiff were depending upon a violation of the ordinance, as the substance of her case, there would be force in this position; but she does not so depend. The violation of defendant's duty to observe due care in relation to the elevator gates would give rise to an action for negligence on common law principles, without regard to the terms of the ordinance, and the present suit was instituted and tried upon this theory; but the ordinance points out what the municipality conceives to be due care in that respect; hence its relevancy." Rules and regulations of the Department of Labor and Industry may have been enacted primarily for the protection of employees of factories, but a violation thereof would tend to show a common law negligence, creating a liability on defendant if the deceased boy was lawfully on the premises.

The final point raised is that evidence of precautions taken by defendant subsequent to the accident was not admissible as tending to show prior negligence. We recognize that to be the law and it is so ruled in a number of cases. See *Baran v. Reading Iron Co.*, 202 Pa. 274, 51 A. 979; *Seeherman v. Wilkes-Barre Co.*, 255 Pa. 11, 99 A. 174; *Woodring v. Metrop. Edison Co.*, 108 Pa. Superior Ct. 431, 164 A. 921; *Gibbons v. Harris Amuse. Co.*, 109 Pa. Superior Ct. 484, 167 A. 250. The difficulty that confronts the appellant in this contention is that A. P. Miller, inspector of elevators in the Department of Labor and Industry of this Commonwealth, testified, without objection, that he saw shortly after the accident that the elevator was dismantled.

A careful consideration of this entire record fails to reveal any error in the trial of this cause warranting a reversal.

Judgment is affirmed.