## Malone v. The Pennsylvania Railroad Co.

*Freedman, Landy & Lorry*, for plaintiff.

*Philip Price*, for defendant.

LEVINTHAL, J., January 14, 1959.—In this trespass action plaintiff has served written interrogatories upon defendant pursuant to Pa. R. C. P. 4005. The interrogatories to which defendant has filed objections may be conveniently grouped into three categories.

The first seeks discovery of subsequent changes made at the crossing where the accident occurred. Defendant contends that such information is irrelevant and will not aid plaintiff in the preparation of her case. In support of this contention, defendant correctly points

out that changes made after an accident do not constitute evidence of negligence and thus would be irrelevant and inadmissible if offered for this purpose: Weimer v. Westmoreland Water Company, 127 Pa. Superior Ct. 201 (1937).

Plaintiff, on the other hand, contends that changes made by defendant in the vicinity of the accident and subsequent thereto may be entirely relevant in order to allow the jury properly to interpret and use photographs taken at the crossing subsequent to the accident. In addition, plaintiff argues that such information would be relevant to rebut any argument that it was possible to erect such additional safety devices or that such devices were present at the time of the accident.

Our former President Judge (presently Justice) Bok stated in DeSimone v. City of Philadelphia (No. 1), 78 D. & C. 433, 434 (1951) : ". . . (W)e hesitate to compel a petitioning litigant to justify complete relevance in advance unless irrelevance or contravention of a legal rule of evidence unmistakably appears."

In the present case, while it is true that the information sought by plaintiff would be inadmissible as direct evidence of defendant's negligence, it is not unmistakably clear that the information would not be relevant for the reasons advanced by plaintiff. Since any doubts regarding questions of relevancy in discovery proceedings ought to be decided in favor of the party seeking the information, we will overrule this objection and allow these interrogatories.

The second group of interrogatories seeks discovery of existing statutes, ordinances, regulations of the Interstate Commerce Commission or other administrative agencies which require defendant to conform to certain enumerated modes of conduct in the operation of its line. Although we agree with plaintiff that defendant is more likely to know of these applicable laws

and regulations than is plaintiff, this is no valid reason for compelling defendant to supply plaintiff with legal research and other legal data which are matters of public record and equally available to plaintiff and defendant. Moreover, such answers would call for the legal opinions and conclusions of defendant which are not within the scope of our discovery rules. The objection to these interrogatories will therefore be sustained.

The third group of interrogatories seeks to discover the following information: The "location" of each witness at the time of the accident; which of the lights carried by the engine were lit at the time of the accident; whether the whistle was sounded and, if so, how many times and at what time; the speed of the engine; weather conditions; location of other nearby vehicles; whether road or track conditions affected the crew's ability to handle the engine; the location of plaintiff's automobile when it was first observed by defendant's train crew; the location of defendant's engine and plaintiff's automobile at the time the brakes of defendant's engine were first applied; whether anything affected the crew's visibility; the location of plaintiff's automobile and defendant's engine when it finally came to a halt; the location of plaintiff's automobile and defendant's engine when the automobile was first observed by defendant's crew and what was then done by the crew.

Defendant's objections to these interrogatories are based upon Pa. R. C. P. 4011(d) which exempts from discovery: ". . . the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial . . . other than information as to the identity or whereabouts of witnesses; . . ." Defendant also alleges that these interrogatories "call in part for conclusions and

opinions of witnesses to the accident, rather than statements of fact." Defendant contends that the proper method for acquiring such information is by taking depositions of the individual witnesses.

Plaintiff's rationale is that since rule 4005 requires the answering party to "furnish such information as is available to the party," * the mere fact that some or all of this information has been reduced to writing in the form of statemente does not throw a protective veil around it and make it immune from discovery. Furthermore, plaintiff contends that "defendant through its employees, and in particular the train crew, has knowledge of these matters which is independent of what is contained in the statements" and such "knowledge was not acquired in anticipation of litigation."

Both parties have cited lower court authorities to support their views. In Davis v. Blumberg, 3 D. & C. 2d 150, 155 (1955), interrogatories similar to those under consideration were disallowed on the theory that: "Defendants' only purpose in compiling such data would be in anticipation of litigation or in preparation for trial." This decision, however, was characterized as "an extremely narrow interpretation of the discovery rules" in 4 Goodrich-Amram, Civ. Pract., §4011(d)-6 (1958 Supplement).

On the opposite pole is the case of Troutner v. Philadelphia Transportation Company, 5 D. & C. 2d 545, 546, 547 (1956), wherein the following interrogatory was served: "State all the facts of said occurrence, including the facts relative to the time, place and cause thereof according to information which you have received from any source whatsoever." In allowing this

---

* This language has been interpreted as including within its purview the cumulative knowledge of all individuals connected with the answering party: Goodrich-Amram Civ. Pract. §4005(a)-9.

interrogatory, the court restricted its scope by compelling an answer only "to the extent the information requested may have been known to defendant independently of any investigation within the purview of 4011 (d). . . . For example, in this case it would seem that the operator of defendant's street car would have knowledge of all the facts of this accident independent of any such privileged information": page 550. See also Stebelski v. Philadelphia Transportation Company, 6 D. & C. 2d 632 (1956) ; Bradley v. Philadelphia Transportation Company, 87 D. & C. 548 (1954).

It would seem that there are at least three basic sources of information available to defendant. The first includes any reports, statements, memoranda, information or other things secured by defendant *exclusively* in anticipation of litigation or in preparation for trial. These are unquestionably privileged under rule 4011 (*d*).

The second source available to defendant includes the "independent" knowledge of the train crew involved in the accident. In our opinion, this source of information also falls within the privileged classification of rule 4011 (*d*). To compel defendant to interview its crew solely for the purpose of answering these interrogatories would either lead to a disclosure of the same information defendant secured from its crew *exclusively in anticipation of litigation* or require defendant to explain away any variances, thus necessarily disclosing the existence and contents of statements obtained *exclusively* in anticipation of litigation. In either case, the privileged area afforded by rule 4011 (*d*) would be invaded. Plaintiff's proper method for securing such information, without prejudicing defendant's rights, is to take the individual depositions of the train crew.

The third source includes any reports, statements, memoranda, information or other things secured by

defendant but not exclusively for purposes of litigation. This may include, inter alia, company safety reports, reports to administrative agencies such as the Interstate Commerce Commission or Public Utility Commission, routine inspection reports and employes' accident records. Defendant is required to answer plaintiff's interrogatories from information available from such sources, even though the same information may be included within the privileged area mentioned above.

Accordingly, we make the following

*Order*

And now, to wit, January 14, 1959, upon consideration of defendant's objections to plaintiff's interrogatories, it is ordered and decreed that objection no. 2 is overruled, objection no. 3 is sustained and objections nos. 1 and 4 are overruled, subject to the limitations expressed in the opinion filed herewith.

Defendant is directed to file verified answers to plaintiff's interrogatories in accordance with this opinion and order within 20 days.