# Fedorawicz v. Citizens' Electric Illuminating Co., Appellant.

*Practice, Supreme Court—Appeals—Assignments of error—
Rule 26—Defective assignments.*

.1. An assignment of error raising three distinct questions is in
disregard of Rule 26 of the Supreme Court, which provides that if
any specification embraces any more than one distinct question,
it should be considered a waiver of all the errors so alleged.

*Negligence—Electric companies—Wires—Responsibility—Case
for jury—Infants—Damages—Instructions to jury—Evidence—
Conflicting testimony.*

2. Notwithstanding that the ownership of an electric wire may
be in another, the person furnishing the electricity with which the
wire is charged, must be considered as in possession of and as
using the wire, and such person is responsible for any injury re-
sulting from the failure to inspect and keep it in proper condition.

3. In an action against an electric company to recover dam-
ages for personal injuries sustained by plaintiff, a child of tender
years, in consequence of coming in contact in the highway with
a broken wire charged with electricity, the question of defend-
ant's negligence is for the jury, and a verdict for the plaintiff
will be sustained where it appeared that the line of wire in which
the break occurred had been constructed for and at the expense of
another company, to which the defendant furnished power, and
that the broken wire had been allowed to remain in the highway
for some time previous to the accident.

4. In such case it is immaterial that a contract existed between
the defendant and the company to which power was furnished
over the wire in question, to maintain and safeguard the wire at

the latter's cost, and that all that was required of defendant was to furnish for a stipulated consideration the necessary electric power; and defendant's rights are sufficiently safeguarded by. the admission of evidence offered to show the degree of vigilance exercised by the other company to safeguard the line.

5. In such case the plaintiff may properly claim compensation for the loss of earning power after he should arrive at the age of twenty-one years where it appeared that the injuries were of a character to produce physical disability which would impair his earning power after his arrival at manhood, although when the injuries were inflicted he was so immature as to be without earning capacity.

6. Where in such case recovery for loss of future earning power was allowed, a new trial will not be granted because the judge failed to instruct the jury how they should estimate plaintiff's damages for loss of future earning power, where defendant's counsel presented no points for charge asking for such instructions and made no request for more full instructions upon the point.

7. Where in such case it appeared that a physician called by plaintiff as a witness had seen and examined the plaintiff on the day he received the injuries and again four days thereafter and had diagnosed his injuries as slight, and that other medical experts who made subsequent examinations testified for plaintiff that what the first physician called external wounds, indicated permanent injuries, the trial judge properly refused to charge that if they believed the physician who first examined the plaintiff they would not be justified in allowing plaintiff damages for permanent injuries.

Argued April 13, 1914.   Appeal, No. 263, Jan. T., 1913, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1909, No. 160, on verdict for plaintiff in case of Andrew Fedorawicz v. Citizens Electric Illuminating Company.   Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,500 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, rulings on evidence, and the refusal of binding instructions.

*John McGahren,* with him *Eugene A. Brennan,* for appellant.—It was the duty of the trial judge to instruct the jury that in the allowance for compensation for the loss of future earnings, they should not lose sight of the fact that as to the loss likely to result in the future, the plaintiff would only be entitled to recover the present worth of the same: McLane v. Pittsburgh Rys. Co., 230 Pa. 29; Wilkinson v. North East Boro., 215 Pa. 486. It was error to allow for loss of earning power after plaintiff's arrival at age, there being no evidence of plaintiff's earning capacity: Kost v. Ashland Boro., 236 Pa. 169; Beck v. Baltimore & Ohio R. R. Co., 233 Pa. 344; Peters v. Bessemer, Etc., R. R. Co., 225 Pa. 307; Ott v. Philadelphia, 235 Pa. 354; Reese v. Hershey, 163 Pa. 253; McKenna v. Gas Co., 198 Pa. 31; McHugh v. Schlosser, 159 Pa. 480; Simpson v. Pa. R. R. Co., 210 Pa. 101; Wallace v. Penna. Co., 219 Pa. 327; McGonigal v. Pittsburgh Rys. Co., 243 Pa. 47. .

*Edward A. Lynch,* with him *John T. Lenahan,* for appellee.—If the charge on the measure of damages was inadequate, defendant must be deemed to have waived the right to object thereto by failing to ask for more definite instructions at the trial: Burns v. Penna. R. R. Co., 239 Pa. 207; Art Syndicate v. Ins. Co., 213 Pa. 506; Powell v. S. Morgan Smith Co., 237 Pa. 272; Irwin v. Pa. R. R. Co., 226 Pa. 156. Damages for loss of earning capacity after plaintiff reached twenty-one years of age were properly allowed: McCleary v. Railway Co., 47 Pa. Superior Ct. 366; Ihl v. R. R. Co., 47 N. Y. 317; Hoon v. Traction Co., 204 Pa. 369. The evidence relating to the contract with the lumber company was irrelevant and was properly excluded: Zinkiewicz v. Cit. E. & I. Co., 53 Pa. Superior Ct. 572. The case was for the

jury: Jacksonville I. & E. Co. v. Moses, 134 S. W. Repr. 379; Greenville v. Branch, 152 S. W. Repr. 478.

OPINION BY MR. JUSTICE STEWART, July 1, 1914:

We might well pass without consideration the first assignment of error, since it is in disregard of Rule 26, which provides that if any specification embraces more than one distinct question it shall be considered a waiver of all the errors so alleged. The assignment raises three distinct questions, each of which is elaborately argued in the submitted brief. The enforcement of the rule would work no prejudice to appellant in this particular instance, since the several questions sought to be raised would have to be resolved against its contention. This may not be the case when disregard of the rule again occurs, and we merely remark in passing that our willingness to consider these several questions under this defective assignment is not to be regarded as establishing a precedent to be followed. The first complains that the court instructed the jury that in case their verdict was for the plaintiff they should find for his pain and suffering as a distinct and independent item of damage, separate from what they allowed for loss of earning power. It is only necessary to say in answer to this, that no such instruction is to be found in the excerpt of the charge which appears in the assignment. The second complains of failure by the court to instruct the jury that in estimating plaintiff's damages for loss of future earning power they must have regard to present worth, with explicit definition of that term, and how the result was to be obtained. The sufficient answer here is, that no such instructions were asked for. Error cannot be assigned to what was not said by the judge merely: Burkholder v. Stahl, 58 Pa. 371. The instruction on this branch of the case might, and, perhaps should, have been fuller and more explicit, but for failure in this regard, if failure there was, the responsibility rested quite as much with counsel as with the court. It was open to counsel,

in advance of the charge, to ask for just such instructions as they desired on the point. Not having done this, it still remained open to them to ask for fuller instructions if not satisfied with those the jury received. We see nothing in the result that indicates any departure by the jury from the settled rule which appellant would here emphasize. The third questions the instruction which permitted the jury to return compensation for loss of earning power after plaintiff's arrival at age, in absence of all evidence as to his earning capacity. The injured person was a lad about seven years old, and the action was by a next friend in his behalf. If his injuries were of a character to produce such physical disability as would impair his earning power when arrived at manhood, it would be a harsh rule that would deny him compensation for such loss merely for the reason that when the injuries were inflicted he was so immature as to be without earning power. We know of no such rule. The learned trial judge in referring to this particular element of damage used this language:

"In fact the entire subject lies within the field of reasonable, fair conjecture and I can only say that the conjecture must be reasonable and fair, based upon and deduced from all the facts and circumstances of the case as you find them to be."

The word "conjecture" was here, perhaps, inaptly used. Had the word expectancy been used instead, the instructions would have passed without criticism. Nevertheless the word employed, though in popular use is synonymous with guess, yet qualified as it was by requiring it to be both fair and reasonable, it could not have been misleading.

The other assignments are equally without merit.

The plaintiff was injured by coming in contact with a broken electric wire on defendant's line resting upon the ground, while walking with his mother along a road used by the public. The negligence charged was permitting this broken wire, charged as it was, to be and

remain upon the highway, for a long space of time previous to the accident. The line of wire in which the break occurred had been constructed to furnish electric power to a lumber company operating a mill some two miles distant from the defendant's power plant, at the cost and expense of the latter. With a view to relieving itself from responsibility for the broken wire defendant offered to show the contract between itself and the lumber company, by the terms of which the latter company obligated itself to properly maintain and safeguard the line at its own cost, and that all that was required of defendant was to furnish for a stipulated consideration the necessary electric power; and offered further, to show the degree of vigilance the lumber company had exercised to safeguard the line. The court admitted the evidence relating to the last part of the offer, but denied the offer of the contract to show what was required of the lumber company in the way of care. The third and fourth assignments relate to this latter ruling. The negligence that permitted this broken wire to remain for considerable time on the highway was the negligence of the party using the wire to convey the electric current it furnished and controlled. So much was expressly ruled in Daltry v. Elect. Light, Heat & Power Co., 208 Pa. 403, as will appear by the following extract from the opinion in that case:

"That the company did not construct the line at its own expense cannot relieve it from the duty to exercise care in keeping it in proper condition and repair during the period the wire carried its electric current. The ownership of the wire cannot affect the company's liability for failure to observe this duty under the facts disclosed by the evidence in this case. When charged with its electricity the wire was in the possession and control of the defendant company so far as concerned its duty to keep it in repair and in proper condition and position to protect those who might come in contact with it. The danger lay not in the wire, but in the subtle fluid

sent through it by the defendant company. It was not the wire that injured the boy but the electric current which it bore from the defendant's dynamo. The use of the wire by the defendant and not the wire itself, caused the injury to the child. Hence, it logically follows that notwithstanding the ownership of the wire may have been in another, the defendant company must be considered as in possession of and as using it, at the time of the accident, and, therefore, responsible for any injury resulting from the failure to inspect and keep it in proper condition and repair when charged with the company's electricity."

No further citation is needed to show that the offer was properly rejected as irrelevant. The fullest opportunity was afforded the defendant to show what care had been exercised by itself and by the lumber company to safeguard the wire, and the evidence was properly confined within these limits.

The fifth assignment complains of the refusal of the court of the point submitted to the effect that if the jury believed the testimony of the physician called by the plaintiff, and who had seen and examined the plaintiff the day he had received his injury, and again within four days thereafter, and diagnosed the injuries as slight, so far as he was able to observe, they would not be justified in allowing him damages for permanent injuries. Manifestly such instruction would have been error. It did not follow that the jury could not, without discrediting this physician who, when the accident occurred, could see no more than that the lad's hands were burned severely, and that he was burned on the neck, side of the head, legs and back, accept conclusions of other medical experts who testified from subsequent examinations of the lad that what the first physician called external wounds indicated injuries of far more serious import. There was no such contradiction between the testimony of these witnesses as that the acceptance of the conclusions of the one would necessarily mean the rejection

of any other.   The point was properly refused.   The remaining assignment is to the refusal of the point asking for binding instructions.   In view of what we have already said, the point calls for no further discussion. The assignments are overruled and the judgment is affirmed.