# Audino v. New Castle & Lowell Railway Company, Appellant.

*Negligence—Street railways—Injuries to passenger—Case for jury—Loss of earnings—Charge of court—Instructions.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff was a passenger in a street car of the defendant company, and, in an accident caused by the derailment of the car, his hand was injured. It also appeared that the plaintiff was a stone cutter and that his earning capacity had been seriously impaired by the injury. The defense advanced was that the derailment was caused by some stones which had been placed on the tracks and that the defendant company was not guilty of negligence.

Under such circumstances the case was for the jury and the verdict of the jury will be sustained.

*Negligence—Charge of court—Earning capacity.*

Where in an action for personal injuries the amount of the verdict was not as great as might have been awarded, without regard to future earnings, a judgment will not be reversed because the court did not go into an explanation of the present value of probable loss of earnings in the future, where the testimony related to the loss of earnings prior to the trial and was ample to sustain the verdict.

Argued April 24, 1924. Appeal, No. 68, April T., 1924, by defendant from judgment of C. P. Lawrence Co., June T., 1922, No. 102, on verdict for plaintiff in the case of Joseph Audino v. The New Castle & Lowell Railway Company. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,500 and judgment thereon. Defendant appealed.

258 AUDINO *v.* NEW CASTLE & L. RY. CO., Appel.

Assignment of Error—Opinion of the Court. [83 Pa. Superior Ct.

Error assigned was, among others, refusal of defendant's motion for judgment non obstante veredicto.

C. H. Akens, of Akens & Wilkinson, for appellant.

James A. Chambers, and with him R. L. Hildebrand, for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

The plaintiff's action was trespass for damages arising from an injury received when a passenger in a car of the defendant. The front truck of the car was derailed while it was moving eastwardly in the City of New Castle. The car was subjected to a jolting movement as the forward truck ran over the ties and in that movement the plaintiff alleged his hand was caught at the end of the seat on which he was sitting and he was thrown forward from the seat. The accident occurred about half past three in the afternoon on the 24th of September, 1921. The injury having been received in the course of transportation and caused by one of the facilities of transportation, a presumption of negligence arose. This the defendant undertook to repel by testimony that stones had been placed on and beside the rails at the place where the front part of the car left the track; that these stones were not seen by the motorman because they were nearly the color of the ground on which they were placed; and that the company had no notice that they were there until the car went over them. On this state of facts the question of negligence was clearly one for the jury, especially in view of the evidence that the car could have been stopped according to the admission of the defendant's witness within seventy-five feet, and as it was not stopped until after it was partially off the track, it is apparent that the obstruction was not seen until the car was within that distance from it. As the sun was shining brightly on the track in plain view from the position of the motor-

man, it would require very satisfactory evidence to induce the jury to believe that the motorman was giving attention to the condition of the rails about the time the accident occurred.   In no aspect of the case could the court have assumed the credibility of the motorman as to his attention and thus have determined the question of responsibility without reference of that subject to the jury.   The court very properly therefore refused to give binding instructions for the defendant and to enter judgment n. o. v.   The plaintiff was a marble cutter and carver of marble.   The evidence tended to show that the injury to his hand affected some of the nerves thereof in such a manner he could not hold the tools which he necessarily used in cutting inscriptions and in carving statuary.   For the purpose of showing the character of the work he did and the manner in which it was done as bearing on the condition of his hand, exhibits A, B, and C were presented for the observation of the jury.   These seem to have been marble figures which the plaintiff had carved, and in connection with these exhibits he testified he was no longer able to do such work because he could not hold his chisel in his hand.   The objection to these exhibits was that it was not a competent method of proving the amount of damages, if any, to which the plaintiff was entitled, but this objection was not well taken.   The obvious purpose of the offer was to make clear to the jury how it was that the plaintiff who had not lost his hand nor any part of it was still deprived of a use of it which was involved in the prosecution of such work as that by which he earned his livelihood, and for this purpose we think the exhibits were properly presented.   The mallet and chisel used by the plaintiff were not offered in evidence and there is therefore no basis for the fourth assignment.   Objection is made to the answers to the fifth and tenth points presented by the plaintiff.   They relate to the measure of damages and are unobjectionable to the extent to which they go.   They do not cover the whole subject and may be said to be inadequate with

respect to the capitalization of future earnings. It was held in Hockenbury v. Electric Co., 251 Pa. 394, that a failure on the part of the court to instruct the jury in cases of this character to find the present worth of future payments which were to be anticipated and capitalized in the verdict is reversible error, even where no special request for such instruction has been made. The subject was not brought to the attention of the court although at the close of the charge, the defendant's counsel asked for the correction of an inadvertent misstatement of fact with reference to the presence of the stones on or beside the rails. After making the necessary correction, the court asked if there was anything else to which the counsel replied: "That is all." The case should be very clear therefore where the court should be reversed for what we regard at the most as an inadequate charge. The instruction was not harmful to the appellant however for in the light of the evidence the amount of the verdict was not as great as might have been awarded without regard to future earnings. The accident happened, as has been noticed, in September, 1921, and the case was not tried until April 11, 1923. The plaintiff had been able to earn $3,000 or more a year in the prosecution of his business and had been compelled to abandon it because of the disability resulting from his injury. There was evidence that he experienced pain and discomfort because of the hurt and that this sensation of the nerves of his hand and arm had persisted. If any consideration was given to this branch of the evidence, as we should assume was done, there was no place in the verdict for compensation for loss of future earnings. It was said in Burns v. Penna. R. R. Co., 239 Pa. 207, that a judgment will not be reversed because the court did not go into an explanation of the present value of probable loss of earnings in the future, where the testimony related to loss of earnings prior to the trial and was ample to sustain the verdict, and this doctrine is referred to and recognized in Hockenbury v.

Electric Co., supra. To the same effect is Fedorawicz v. Citizens Electric I. Co., 246 Pa. 141. These cases are pertinent to the present discussion and are a sufficient answer to the contention of the appellant that the charge of the court was not simply inadequate, but clearly erroneous. The conspicuous facts in the case then are, as found by the jury, that the plaintiff being a passenger in one of the defendant's cars sustained an injury caused by the negligence of the defendant company; that this injury incapacitated him for the prosecution of his usual employment; that he had been unable to engage in work during all of the time except about eight weeks between the time of the accident and the date of the trial; that he could not earn compensation for his labor at as profitable rate after he was injured as before and that he was the subject of pain and suffering. No exception is taken to the charge of the court except as related to the answers to the fifth and tenth points of the plaintiff. Nothing appears in the record on which a reversal of the judgment should be founded.

The assignments are therefore dismissed and the judgment affirmed.