## JOSEPH GILL *vs.* LEO LAQUERRE.

JANUARY 8, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J. This is an action of trespass on the case for negligence. The action is brought under Section 14, Chapter 333, General Laws, 1923, to recover damages for the death of plaintiff's daughter, a child five years and two months of age at the time of her death. As no administrator of her estate was appointed the father sues in behalf of all the beneficiaries. A jury in the Superior Court returned a verdict for the plaintiff in the sum of $4,698.91 and the case is in this court on defendant's bill of exceptions.

All of the exceptions bearing on the liability of the defendant have been waived. The only questions presented relate to the damages and the admission of certain testimony to establish the same.

The bill of exceptions does not conform to the statute and to the decisions of this court. The statute requires that a party filing a bill of exceptions . . . "shall state separately and clearly the exceptions relied upon." The bill contains nine paragraphs. The first paragraph, although not in proper form, will pass as an exception to the refusal of the trial justice to grant a new trial. The next seven paragraphs are not exceptions at all but reasons assigned in support of the motion for a new trial. These may properly be set forth in a brief but they have no place in a bill of exceptions. The ninth paragraph is as follows: "9. The trial justice erred in his rulings in the course of the trial as to which exceptions were noted on pp. 27, 41, 42, 43, 44,, 47, 69, 72, 73, 74, 76, 77, 80, and 81 of the transcript." Most of these exceptions are to the admission of testimony. One is an exception to the action of the court in permitting plaintiff to reopen his case and one is to the refusal of the court to direct a verdict for the defendant. To group a number of exceptions in this manner does not conform to the statute and our decisions relating to the same. See *Nichols* v. *Mason & Co.*, 44 R. I. 43; *Fainardi* v. *Pausata*, 45 R. I. 462; *State* v. *Amaral*, 47 R. I. 245. But as most of the exceptions have been abandoned and the issue

narrowed to the question of damages, we will consider the exceptions relating to such question.

The defendant rests his case here on the proposition that for the death of a child only nominal damages may be recovered unless it be the unusual case of a child who has demonstrated a capacity for some particular vocation.

In *Dimitri* v. *Cienci & Son*, 41 R. I. 393, in construing Section 14, Chapter 283, General Laws, 1909 (now Section 14, Chapter 333, General Laws, 1923), this court determined that the basis for recovery of damages under the statute for death by wrongful act is the same for an infant as for an adult, deducting in the case of an infant from the expectancy of life the years of minority. In the course of the opinion, SWEETLAND, C. J., said: . . . "Should a different view of the purpose of the statute be taken, when the decedent is a minor? The statute in its language makes no distinction, and in our opinion a difference in construction based upon a difference in the ages of decedents would be entirely unwarranted." The rule of law in this State for the ascertainment of damages in case of death by wrongful act was established in *McCabe* v. *Narragansett Electric Lighting Co.*, 26 R. I. 427, where the court said: "It is obvious, too, that the loss sustained by the plaintiff here is the present value of the net result remaining after his personal expenses are deducted from his income or earnings. To ascertain this it is, of course, necessary to ascertain first the gross amount of such prospective income or earnings, then to deduct therefrom what the deceased would have to lay out as a producer to render the service or to acquire the money that he might be expected to produce, computing such expenses according to his station in life, his means and personal habits, and then to reduce the net result so obtained to its present value."

It is contended that, owing to the fact that the decedent in the instant case was too young to have had any earning capacity, it is impossible to comply with the above rule and therefore only nominal damages can be recovered. We

can not give our assent to this view of the law applicable to a case of this kind. To so hold would in effect result in a nullification of the statute. It is true that no rule approximating certainty for the assessment of damages can be laid down in actions for damages to the estate of a child too young to have demonstrated an earning capacity but it does not follow that for this reason the courts are powerless to afford a remedy.

We are of the opinion that the practical rule in these cases is to bring before a jury the facts relating to the age, sex, physical and mental characteristics of the child, the position in life and earning capacity of its parents as bearing upon the conditions under which the child would probably have been reared and educated and leave it to the jury to assess the damages subject to the power and duty of the trial justice to confine the award within the bounds of reasonable probability. While this rule leaves much to be desired as to certainty it is preferable to the alternative urged by the defendant which would permit one legally responsible for the death of a child to escape civil liability therefor. There is ample authority for this view of the law. Tiffany, Death by Wrongful Act, 2d ed. 351; 8 R. C. L. pp. 835 to 842; *Hoon* v. *Beaver Valley Traction Co.*, 204 Pa. 369; *Fedorawicz* v. *Citizens Electric Illuminating Co.*, 246 Pa. 141; *Love* v. *Detroit*, 170 Mich. 1; *Gorham* v. *Cohen*, 102 Conn. 567. In *Hoon* v. *Beaver Valley Traction Co.*, *supra*, the court said, in speaking of damages in the case of a child six and one-half years of age: "All that a trial judge can do is to state clearly the true ground of recovery limiting it to the probable pecuniary loss, and pointing out the elements to be considered, and to permit no excessive verdict to stand."

At the trial in the court below the plaintiff was permitted to testify that he intended to educate the child to become a school teacher and teachers in the public schools of Woonsocket were called to testify as to their earnings and the amount they were able to save after paying their living expenses. This line of testimony was inadmissible. Parents

may influence but they can not always determine the occupation of their children and such testimony injects further uncertainty into a case already replete with uncertainties. The defendant's exception to the admission of this evidence is sustained.

All of the other exceptions are overruled.

The case is remitted to the Superior Court for a new trial on the question of damages only.

*John R. Higgins*, for plaintiff.

*Benjamin F. Lindemuth, Henshaw, Lindemuth & Baker*, for defendant.